# Cases Argued and Determined

IN THE

# SUPREME COURT

OF THE

# State of South Dakota.

---

## GRANT V. GRANT.

1. The making of an order, consented to·by the parties, for temporary alimony in an action for divorce, does not conclude the wife from subsequently applying for, nor the court from making, an order for further alimony.

2. A receipt given by the wife on payment by the husband under such an order examined and *held*, not to conclude her from applying for, or the court from allowing, further alimony in the exercise of its discretion.

3. Such an order will not be reviewed except in case of abuse of discretion.

(Syllabus by the Court. Opinion filed Feb. 14, 1894.)

Appeal from circuit court, Brookings county. Hon. J. O. ANDREWS, Judge.

Action for a divorce. Plaintiff had judgment decreeing a dissolution of the marriage. Subsequently defendant made application for alimony and counsel fees. Allowed, and plaintiff appeals. Affirmed.

*Geo. N. Baxter*, for appellant.

*H. S. Gipson*, for respondent.

PER CURIAM.   This is an appeal from an order of the circuit court of Brookings county allowing the defendant temporary alimony and counsel fees, pending the proceeding taken by her seeking to vacate a decree of divorce entered against her by said court.   Under the provisions of Section 2582, Comp. Laws, the court has full power in its discretion to require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action; and, unless such an allowance made is so gross and excessive as to show an abuse of judicial discretion, the order will not be disturbed on appeal.   The power to allow temporary alimony and counsel fees is incident to divorce cases, and is necessary to the ends of justice; and a statute like the one above referred to, requiring the husband to pay such sums as are necessary to enable the wife to carry on or defend such suit, is only confirmatory of the common law.   Goldsmith v. Goldsmith, 6 Mich. 285; Petrie v. People, 40 Ill. 334.   The order appealed from is dated January 9, 1893, and is as follows: "It is ordered that Samuel Grant, the plaintiff in this action, pay to the defendant therein, Alice C. Grant, the sum of fifty dollars per month,   * * *   as temporary alimony or support and maintenance during the pendency of this action,   * * * * and the sum of one hundred and fifty dollars as counsel fees."

The only question before us is, did the trial court abuse its discretion in granting the above order?   The appellant contends that it did.   The record shows that on September 20, 1892, the court granted an order requiring the plaintiff, Samuel Grant, to pay this respondent the sum of $300 for counsel fees, expenses, support and maintenance, and that the same has been paid; and he contends that at the time of its payment it was to be in full for all counsel fees, expenses, support, and maintenance during the pendency of the action.   With this contention

we cannot agree. At the time the money was paid a receipt was given, as follows: "Faribault, Minn., Sept. 20th, 1892. Received of Samuel Grant the sum of three hundred dollars in satisfaction and payment of an order of this date made and entered in the case of Samuel Grant, plaintiff, against Alice C. Grant, defendant, pending in the circuit court for the county of Brookings, South Dakota, upon defendant's application for counsel fees, expenses, support and maintenance, asked for in said defendant's application for said order." This receipt does not show that its payment was to be considered a full satisfaction for counsel fees, etc. As was said in the case of Clide v. Peavy, 74 Ia. 48, 36 N. W. 883: "Orders for temporary alimony for the support of the wife and for attorney's fees are not like ordinary judgments. They cannot, in the very nature of things, be regarded as a final adjudication as to the rights of the parties. These orders are usually made to continue from term to term, for the reason that it is impossible to determine at the beginning what the necessities of the litigation may require. It may continue for years and the court cannot determine in advance that any named sum of money ought to be a full allowance for all purposes. This being the nature of the proceeding, no mere temporary order can be said to be a final adjudication. Additional alimony may be made from time to time." The wording of the receipt cannot be construed to support the contention of the appellant. The money paid was in full of the previous order of the court, and could not relate to any subsequent one. The phrase "pending the action," was made in its ordinary acceptation, and in its connection in the receipt was to show that the money so paid pertained to the pending action before the court. At the time such order was made, and the money paid, neither the court nor the parties could foresee what would be required for support or maintenance, or to defend the action. It was made before the case had been heard or a decree entered. Afterwards, to-wit, November 18, 1892, a judgment was entered dissolving the mar-

riage contract between the parties. Thereafter, and on the 27th day of December, 1892, the defendant presented to the trial court her petition, stating that, feeling herself aggrieved by the judgment of the court she desired to and would move the court to vacate such judgment and grant her a new trial; but that she was without means to employ counsel or to meet other necessary expenses of litigation, or to support herself during its pendency, and further setting forth the plaintiff's financial ability. The plaintiff, on his part, filed counter affidavits, denying defendant's allegations as to his property, and stating generally that he was not worth over and above his debts, more than $400 or $500. Upon the hearing of this application, to-wit, January 9, 1893, the court made the order from which this appeal is taken. From the showing made by the record as to the resources of the parties respectively, we cannot say that the trial court abused its discretion in granting the order appealed from, and it is therefore affirmed.