## GREENLEAF V. GREENLEAF.

1. By the provisions of sections 2583, 2584, Comp. Laws, power is conferred upon the courts to modify or vacate and set aside that part of a decree of divorce which provides for the custody, support, and maintenance of the minor children of the parties, when the changed condition and circumstances of the parties to the decree require such modification or vacation of the same.

2. When a defendant in an action for a divorce, in which a decree has been rendered, makes application to have so much of the decree as provides for the custody, support and maintenance of the minor children of the parties vacated and set aside, under the provisions of the sections of the statutes above referred to, this court will review the evidence in the same manner as in other cases tried by a court or referee.

3. When it appears by a clear preponderance of the evidence that there has been a material change in the condition and circumstances of the parties to a decree of divorce, and that by reason of such change, and the advanced age of the children named in the decree, the defendant should be relieved from that part of the decree requiring him to pay a monthly sum for the support and maintenance of said minor children, it is error to refuse to set aside and vacate the same.

(Syllabus by the court. Opinion filed Dec. 6, 1894.)

Appeal from circuit court, Kingsbury county. Hon. J. O. ANDREWS, Judge.

Action for divorce.    Motion by defendant to set aside  that part of the decree requiring the  payment by him of money for the  support of  his  minor  children.   The motion was denied, and he appeals.    Reversed.

The facts are  stated in the  opinion.

*A. W. Wilmarth*, for appellant.

Where a divorce had  been  wrongfully  granted  and  the children wrongfully kept from the  party  entitled to their custody the court upon  such  evidence  has  authority to return the children to him or to relieve him from their support.  Christhoff v. Christhoff, 6 C. C. R. of  Ohio, 512; Fitler v. Fitler, 9 Casey 54; Brownville  v. Logur,  129  N. S.  493; U.  S. v.  Macon, 580.   The father if  he  supports  his  child  is  entitled  to  its services, care, custody and control.   Finch v. Finch, 22 Conn. 441; Sargent v. Dennstor, 5 Cow. 106;  Werrit v. Byrne,  21 Wend. 79; 2 Kents Com. 206; Pawling v. Wilson, 13 John 192; Handcock v. Merrick, 10 Cush. 42; McCartley v. Herman, 35 Conn. 538; Ford v. Monroe, 20 Wend, 210;  Burrett v. Burrett, 29 Barb. 127.

The children of these parties are living in the family of one Mills, the present  husband  of  the plaintiff, in the relation of parent and child.    When a child is living in  a  family and such relation exists, such  child  is  not  liable for its support nor the husband  to its services.    Oxford Adm. v.  McFarland, 3 Ind. 157; Bush v. Blanchard, 18 Ill. 46; Williams v. Hutchinson, 5 Barb. 122; Angle v. Williams, 16 Mass. 271;  Edward v. David, 16 John 281; Chilcott v. Trumble, 13 Barb. 507; Sharp v. Cropsey, 11 Barb. 224; *In re* Ryder, 11 Paige 188.

*Whiting & Cooley*, for respondent.

In granting a divorce it is the  duty of the court to place the children where it is  best  for  their  interest, and  to  charge the father, and  or some cases  the  mother also, with an allowance for the child's support.   Husband v. Husband, 67 Ind. 583; Gilley v. Gilley, 79  Me. 292; 17  Am. Ency. Law 372; Comp. Laws, Secs. 2605, 2621; 5 Am. Ency. Law, 832; State v. Smith, 20 Am. Dec. 330.

CORSON, P. J.  On November 2, 1885, the plaintiff was granted a decree of divorce from the defendant by the district court of the late territory of Dakota, held in and for Kingsbury county.   By the decree the custody and care of the minor children of the marriage were given to the plaintiff, and the part of the decree relating to the support and maintenance of the children reads as follows:  "And that the defendant pay to the plaintiff, for the support and education of said children, the sum of $420 per annum, payable at Lake Preston, in Kingsbury county, Dakota, in installments of $35 each, on the 1st day of each month, commencing on the 1st secular day of November, 1885, and that such payments continue during the minority of said children, and each of them, unless the court shall hereafter otherwise order and adjudge, and that the defendant pay the costs and expenses of this action.    *    *    *"    This monthly sum was paid by the defendant until November, 1892, when he moved the circuit court of Kingsbury county, on proper notice and affidavits, to vacate and set aside that part of the decree providing for the payment for the support and maintenance of the said minor children.   The circuit court after a hearing in January, 1893, denied the motion, but modified the decree by making an order that the defendant could pay $900 in full discharge of the decree.   In April, 1893, a motion for a new trial was made and denied, but the court further modified the decree and its former order by reducing the sum to be paid monthly from $35 to $24 per month.   From the order denying the motion for a new trial the defendant appeals.

The appellant contends that, upon the facts disclosed by the evidence, the circuit court should have granted the defendant's motion, and for the error in denying the same the defendant is entitled to a new trial.   The application to the court for a modification of its decree, and to vacate and set aside that part thereof that requires the defendant to pay $35 per month for the support and maintenance of the minor children, was made under the provisions of sections 2583 and 2584 of the Civil Code of this state, which are as follows:

"Sec. 2583.   In an action for divorce the court may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same.

"Sec. 2584.   Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in there respects."

As will be observed, under the provisions of these sections the court is vested with full power to modify its decree and orders relating to alimony, or allowance to minor children. These provisions of the statute were evidently adopted for the purpose of enabling the court to make such modifications or changes in its decree or orders relating to alimony, or the support and maintenance of minor children, from time to time, as the circumstances of the parties might require, and they should therefore receive a liberal construction in furtherance of justice. The power conferred upon the court by these sections is not purely discretionary, but one to be exercised as other judicial powers; and the discretion of the trial court upon questions arising under these sections is subject to review by this court the same as other decisions made by the trial court, in judicial proceedings in which such court is not clothed with discretionary power.   The term "discretion" is omitted from these sections, though, by the express terms of section 2582, the court is vested with discretionary power to require the payment of temporary alimony and counsel fees pending the action.   Grant v. Grant (S. D.) 57 N. W. 948.   A careful examination of all the evidence adduced in the hearing in this case satisfies us that the motion of the defendant should have been granted, and

the provisions of the decree requiring the defendant to pay the monthly sum for the support of the minor children of the marriage should have been vacated and set aside. The provisions of the decree were undoubtedly proper and just at the time the divorce was granted, as the age of the childern and circumstances of the plaintiff were such as to require such a provision in the decree. But during the seven years intervening between November, 1885, and November, 1892, the circumstances of the parties were materially changed. The plaintiff had married again, as had also the defendant. The daughter had attained the age of 16 years, and the son the age of 14 years; and they were living in the family of their stepfather, who seems to be a gentleman occupying a prominent position, and possessed of a considerable income. The plaintiff had also accumulated some property in her own right, from which she received as rent about $275 per annum. She also had a business from which she derived a yearly profit of about $200. The defendant, however, had not been very successful in his business, and had found the payment of $35 monthly a heavy burden, with his limited income, especialy after his second marriage; and it quite clearly appears from the evidence that he could not longer pay said monthly allowance, or any monthly allowance, from his income, after paying the monthly expenses of his family, interest, etc. The plaintiff does not claim that she is required to pay the board of these children, but she does claim that the monthly allowance is necessary for the expenses of their proper education. And she shows that she had expended upon their education a sum greater than the monthly allowance, in board tuition, etc., at various institutions of learning to which they had been sent. While such an education would be very proper, in case the means or income of the father would permit the expense, yet we think no court would be justified in requiring a father, whose means or income were too limited to warrant such an expense, to provide for his children such an education. It quite satisfactorily appears from the

evidence that the defendant's income was only about $720 per annum, out of which must be paid his family expenses, and a further item of interest of about $420 per annum, leaving him comparatively no means with which to pay the sum of $35 per month, or of $24 per month, as fixed in the court's last order. The propriety, therefore, of requiring the defendant, under such circumstances, to pay for the education of his children at distant colleges or seminaries can properly be tested by the question, would a father, with such an income and means, send his children away to such schools? Certainly, the answer must be in the negative.

The defendant, on the hearing, expressed a willingness to take one or both of the children to his own home, and provide for their support there. Under the facts, as disclosed in this case, we are of the opinion that it would have been eminently proper to have modified the decree, and placed the son in the care and custody of the defendant, his father, as it appears from the evidence that the father is engaged in the mercantile business at Lake Preston, the residence of the plaintiff; and it would seem that the son could not only be useful to his father in his business, but that he could acquire a business education that would be valuable to him in after life.

The defendant seems to have paid the $35 per month as long as he could do so, consistently with his duties to his family and creditors. His claim, therefore, for the modification of the decree, under the changed conditions of the parties, and the ages attained by the children, is a meritorious one, and as we have before stated, in our opinion, should have been granted. The order of the circuit court denying a new trial is reversed, and a new trial is granted.