## HARDING V. HARDING.

1. Under Comp. Laws, § 2584, providing that, where a divorce is granted for an offense of the husband, the court may make such allowance to the wife for her support as it may deem just, and may from time to time modify its orders in this respect, and section 2585, providing that the court may enforce the payment of such allowance "by a receiver and may assign the homestead to the innocent party either absolutely or for a limited period," where a divorced husband is in default in the payment of the monthly allowance made to the wife in the original decree, in which no mention was made of the homestead, the court may modify the decree so as to require the payment of a fixed sum, and make the same a lien on the homestead, and direct that it be sold.

2. Under Comp. Laws, §§ 5151-5154, providing that a judgment debtor, in the case of sale of his property on execution, shall have one year in which to redeem the same, the court, in requiring the sale of the homestead to pay alimony to the wife in an action for divorce, cannot require that immediate possession be given to the purchaser.

3. The court cannot make such sale absolute, and deprive the husband of the right to redeem.

(Opinion filed December 31, 1902.)

Appeal from circuit court, Lawrence county. Hon JOSEPH B. MOORE, Judge.

Action by Amanda Harding against Lebeus G. Harding. From a decree amending a decree of divorce as to alimony, defendant appeals. Modified and affirmed.

*W. G. Rice* and *W. H. Parker*, for appellant.

*Frawley & Laffey*, for respondent.

CORSON, J. On the 3d day of January, 1898, the circuit court of Lawrence county entered a judgment in favor of the plaintiff, granting her a divorce from the defendant, and in the decree it was provided that the defendant pay plaintiff's at-

torny fee, amounting to $100, and $35 per month alimony, payments to be made monthly on the 10th day of each calendar month. It was alleged in the complaint, and found by the court, that the husband and wife were possessed of a home stead in the First ward of Deadwood, of about the value of $2,000, but in the decree no mention is made of the same. The defendant having failed to make the payments specified in the decree, the plaintiff filed her petition praying for a modification of the decrée, and, upon the hearing of the same the court, on the 29th day of January, 1900, made an amended decree, the material parts of which are as follows: "Ordered, adjudged, and decreed that the judgment of the court entered herein on the 3d day of January, 1898, be, and the same hereby is, modified in reference to the payment of alimony only, in this: that the plaintiff take, and the defendant pay, the sum of $500 in full of permenant alimony herein, and that the real estate hereinbefore described, owned by the defendant, be sold as provided by law for the sale of real estate, and that, out of the proceeds derived therefrom, the plaintiff be paid the sum of $500; and the sheriff of Lawrence county, South Dakota, is hereby appointed by the court as commissioner to make such sale, and he is authorized and empowered to sell said real estate under this decree in the manner provided by law for the sale of real estate on execution, and a certified copy of this decree, issued out of the clerk's office, shall be his authority for the making of such sale; and, out of the proceeds derived from such sale, the costs shall be paid first, then the sum of $500 to the plaintiff herein, and the remainder, if any, shall be paid to the defendant; and said commissioner is directed to make a return to this court of his proceedings hereunder, and to make

and execute to the purchaser or purchasers at such. sale a deed of the premises so directed to be sold, upon his receiving the purchasing price therefor, which deed, on confirmation of the sale by this court, shall pass and convey to such purchaser or purchasers all the right, title, and interest of the plaintiff and defendant in this action at the date of this decree, or at any time subsequent thereto. The purchaser or purchasers at such sale shall be let into immediate possession and occupancy of said premises so sold, and the sheriff of said county, so appointed as aforesaid, is authorized and directed to deliver the possession of the premises sold, to such purchaser or purchasers. Done in open court this 29th day of January, 1900." From this part of the amended decree, the defendant has appealed to this court.

It is contended on the part of the appellant: First, that, as the homestead is not referred to in the former decree, the court had no jurisdiction by an amendment to subject the homestead to the payment of alimony; second, that the court had no authority to decree that the possession of the property, when sold, should be immediately delivered to the purchaser; third, that the court had no authority to deprive the party of his right of redemption by directing that a deed should be executed to the premises upon the confirmation of the sale, and decreeing that the said deed should convey to the said purchaser or purchasers all of the right, title, and interest of the plaintiff and defendant in this action, at the date of the decree. The court, in amending the decree in this case, evidently proceeded under the provisions of section 2584, Comp. Laws, which reads as follows: ''Where a divorce is granted for an offense of the husband, the court may compel him to provide

for the maintenance of the children of the marriage, and to make such allowance to the wife for her support during her life or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects." This court, in construing that section in Greenleaf v. Greenleaf, 6 S. D. 348, 61 N. W. 42, use; the following language: "As will be observed, under the provisions of these sections the court is vested with full power to modify its decree and orders relating to alimony, or allowance to minor children. These provisions of the statute were evidently adopted for the purpose of enabling the court to make such modifications or changes in its decree or orders relating to alimony, or the support or maintenance of minor children, from time to time, as the circumstances of the parties might require, and they should therefore receive a liberal construction in furtherance of justice." Section 2585 provides as follows: "The court may require the husband to give reasonable security for providing maintenance, or making any payments required under the provisions of this chapter, and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case. The court, in rendering a decree of divorce, may assign the homestead to the innocent party, either absolutely or for a limited period, according to the facts in the case, and in consonance with the law relating to homesteads," The court, being empowered to place the property of the defendant in the hands of a receiver in order to enforce the payment of alimony, and having the power to assign the homestead to the innocent party either absolutely or for a limited period, would necessarily have the power to

order the homestead sold in order to enforce the payment of alimony deceed to the wife, and the power vested in the court to enable it to render the original judgment remains vested in it, under the provisions of the statute enabling it to render an amended judgment which the circumstances of the case may require. The evident purpose and object of the legislature, in adopting these various provisions, was to give the court full power and authority to enter such judgment, and, upon a proper showing, to modify the same in such manner as the exigencies of the case might require, The present case presents a striking example of the necessity of such a power in the courts. The original judgment provided for the payment of $35 per month alimony by the defendant, but no payments, except the sum of $25, were made. The defendant had been left in the possession of the homestead, on the theory, no doubt, that he would pay the alimony prescribed by the judgment promptly. Two remedies were then open to the court. One was to punish the defendant as for contempt, and the other was to modify the judgment so as to enforce the sale of the homestead property. The court adopted the latter remedy. The case of Blake v. Blake, 75 Wis. 339, 43 N. W. 144, is quite analogous to the case at bar. In that case, the original decree was merely for alimony, but it was held that it might be so modified as to make a full disposition of the husband's property. The section of the Wisconsin statute under which the court acted is quite similar to section 2584 of our own statute. The court in that case says: ''It is further claimed that, a the original judgment was simply for alimony, the power of the court in any subsequent adjudication was limited by statute to a mere modification as to the amount of such alimony, and

hence could not, by way of modification, extend to a final di-
vision of the defendant's property. This contention is conceded
to be in conflict with the reasoning of RYAN, C. J., in Camp-
bell v. Campbell, 37 Wis. 206. In that case it was in effect
said that all the estate and income of the husband, whenever
and however acquired, actually possessed and enjoyed by him
at the time of a subsequent judgment for alimony, or a subse-
quent judgment for division of estate, is subject to such subse-
quent judgment. Id., 37 Wis. 219. We are not aware that
this doctrine has ever been questioned by this court." And
the court, in that case, held that the circuit court had power
to modify its former judgment and divide the estate. In Blank-
enship v. Blankenship, 19 Kan. 159, the supreme court of Kan-
sas says: "The power to take the homestead from the hus-
band, and assign the same to the wife, is the exercise of great-
er power than making a sum allowed as alimony a lien upon all
the property of the husband, and ordering the same sold to
discharge the lien. The greater power includes the less; and
we find no error as to the sale of the homestead, it appearing
from the record that the plaintiff in error was possessed of this
identical property at the rendition of the judgment." South-
worth v. Southworth (Mass.) 47 N. E. 93; Graves v. Graves,
108 Mass. 314; Craig v. Craig, 163 Ill. 176, 45 N. E. 153; Gas-
ton v. Gaston, 114 Cal. 542, 46 Pac. 609, 55 Am. St. Rep. 86;
Foster v. Foster, 56 Vt. 540. Again, in Gaston v. Gaston, su-
pra, the supreme court of California held that, independently
of the statute, a court of equity possessed the power to decree
that the alimony awarded shall be a lien upon the defendant's
real estate, including his homestead. That court, after quot-
ing the provisions of the statute, which seems to be practically

the same as ours, use the following language: "Appellant claims that the effect of this section is to render void the portion of the judgment imposing a lien on his land; that the power of the court was limited to exacting security from him. We think the law is otherwise. With us, an action for divorce is treated as a case in equity (Wadsworth v. Wadsworth, 81 Cal. 187, 22 Pac. 648, 15 Am. St. Rep. 38), and the statute ought not to be construed as abridging the power exercised by courts having cognizance of matrimonial causes—commonly, though not always, as a branch of their chancery jurisdiction—to declare a lien for securing the award of support to the wife in such cases. Said the supreme court of Ohio, of a judgment like the present, except that it omitted the provisions for a lien: "That it is within the legitimate power of the court to make such decree a charge upon real estate we have no doubt, and it has been the practice so to do in cases where it is deemed proper ' Olin v. Hungerford, 10 Ohio, 268. And such is the current authority, with but little dissent. Wightman v. Wightman, 45 Ill. 167; O'Callaghan v. O'Callaghan, 69 Ill. 552; Holmes v. Holmes, 29 N. J. Eq. 9, 12. Many other cases are collected in the reporter's note to Stoy v. Stoy, 41 N. J. Eq. 370, 2 Atl. 638, 7 Atl. 625." The appellant relies upon the case of Brady v. Kreuger, 8 S. D. 464, 66 N. W. 1083, 59 Am. St. Rep. 771, decided by this court, but the law as laid down in that case does not in any manner control the case at bar. In the decree of divorce in that case no mention was made of the homestead, and there was no amended decree. Clearly, in such a case, the divorced wife would have no interest in the homestead after the decree of divorce. We are clearly of the opinion that, both under the liberal provisions of our statute

and the general powers invested in courts of equity, it was perfectly competent for the circuit court to so far modify the original judgment as to make the alimony a lien upon the homestead in the possession of the defendant.

The second contention of the appellant is that the court had no authority to hold that the possession of the property when sold should be immediately delivered to the purchaser. We are inclined to the view that the appellant is right in his contention.   While the court is vested with power to declare the alimony awarded a lien upon the defendant's real estate and homestead, we are of the opinion that it extends no further, and that the court, in decreeing that the possession of the property should be immediately delivered upon sale to the purchaser, exceeded its powers in the premises.   Our statute (section 5151 to 5154) provides) that the judgment debtor, in the case of sale of his property on execution, shall have one year in which to redeem the same, and this court has held that during the year the possession of the judgment debtor cannot be disturbed.   Wood v. Conrad, 2 S. D. 405, 50 N. W. 903.

The same principle applies to the third contention of appellant that the defendant cannot be deprived of his right to redeem the property from sale.   We are also inclined to agree with the counsel for appellant in this contention.   The question of the redemption and possession of the property during the year of redemption has been provided for by statute, and the court does not possess the power to abridge these rights in the absence of some special power granted by the legislature. The amended judgment of the court below must therefore be modified by striking therefrom the clause decreeing that the sheriff shall deliver immediate possession of the property to

the purchaser, and the clause declaring that such deed shall vest an absolute title in the purchaser. Dufrene v. Johnson, 60 Neb. 18, 82, N. W. 107.

The judgment, as modified, is affirmed. Inasmuch as there has been a modification of the judgment, neither party will recover costs against the other on this appeal, but the appellant will pay the clerk's costs.