LAKE COUNTY NATIONAL BANK, Respondent, v. COFFEY et al., Appellants.

(201 N. W. 1002.)

(File No. 5653. Opinion filed January 24, 1925.)

1. **Judicial Sales—Redemption—Right to Redeem Property Sold by Decree of Court Conferred by Statute.**

    Right to redeem property sold under decree of court is privilege conferred by statute, and does not exist independent of statute.

2. **Executors and Administrators — Fraudulent Conveyances — Redemption—No Right to Redeem Lands Recovered and Sold by Administrator for Benefit of Creditors.**

    Under Rev. Code 1919, Secs. 3309-3311, no right to redeem land which has been fraudulenty conveyed, then recovered and sold by administrator for benefit of creditors, exists.

3. **Fraudulent Conveyances—Redemption—Court May Deny Right of Redemption Where Land Fraudulently Conveyed Is Sold Under Decree of Court.**

    In action by creditor to set aside fraudulent conveyances, court held to have power to order sale without right of redemption despite Rev. Code 1919, Secs. 1656, 2679, 2683, 2887, 2912, authorizing redemption from certain sales, especially in view of Sections 2831, 3460.

Appeal from Circuit Court, Lake County; HON. L. L. FLEEGER, Judge.

Suit by the Lake County National Bank against E. C. Coffey and another. Judgment for plaintiff. Order to show cause why writ of assistance should not be canceled and decree modified was quashed, and defendants appeal. Affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellants.

*Porter & Porter,* of Madison, for Respondent.

Appellants cited: Redmond v. Hayes, 133 N. W. 1016; Hardin v. Graham et al., 38 S. D. 57; Harding v. Harding, 16 S. D. 406; Wood v. Conrad, 2 S. D. 405, 50 N. W. 903.

Respondent cited: Bem v. Bem, 55 N. W. 1102; Bem v. Shoemaker, 63 N. W. 544; Bem v. Shoemaker, 74 N. W. 239; Trotter v. Mutual Reserve Funds Ass'n., 70 N. W. 844; Bates v. Graham, 11 N. Y. 237; 20 Cyc 678; Emmons v. Barton, 109 Cal. 662, 42 Pac. 302; Carpenter v. Osborn, 102 N. Y. 552; 27 C. J. 808, 812, 813; Davison v. Burke, 143 Ill. 139; Lawrence v. Halverson, 83 Pac. 889; Convay v. John, 23 Pac. 170; Gosmont v. Glove, 76 N. W. 424.

GATES, J. One J. C. Coffey executed a deed to his son Edward of certain real estate and a deed to his daughter Grace of certain other real estate and left them with his brother to be delivered to the grantees upon his death. At that time he was indebted to plaintiff bank. He died shortly thereafter apparently leaving no property. Thereafter the son, Edwin, was appointed administrator. Plaintiff presented its claim to the administrator, who did not allow it, but it was allowed by the county court. Thereafter plaintiff brought this action to set aside said deeds as fraudulent conveyances. The trial court adjudged the deeds to be fraudulent and void as against the claim of plaintiff, and adjudged that, unless the amount of such claim with interest and costs should be paid within 60 days after the date of the judgment, the land (describing it)—
"or so much thereof as may be necessary to make such amounts and expenses of sale, be sold by the sheriff of Lake county, S. D., who is hereby appointed to make such sale, under the direction of the court, at public auction at the front door of the courthouse in the city of Madison, S. D., upon the like notice, and in the same manner as provided by law for the sale of real property upon execution; that the plaintiff or any other party to this action may be-

come the purchaser on such sale; that the said sheriff, upon the confirmation of such sale by the court, execute to the purchaser at such sale a deed to the premises so purchased, which deed shall convey to such purchaser all the right, title, and interest of said J. C. Coffey, deceased, in the said premises at the time of making said deeds, and all right, title and interest of said defendants, or either of them, in the said premises, both as such grantees in said deeds, or as heirs at law of said John C. Coffey, deceased, and that the said defendants, and each of them, and all persons claiming under them, or either of them, be forever barred and foreclosed of all right, title, and equity in and to said premises so sold, or any part thereof, and that the purchaser or purchasers at such sale be let into possession of the premises on production of the sheriff's deed for such premises."

The claim was not paid within such 60-day period, whereupon the sheriff proceeded in like manner as in sales upon execution, and sold the property to plaintiff. The sale was confirmed, and deed was issued and delivered to plaintiff. Upon refusal of defendants to yield possession of the real estate, plaintiff procured a writ of assistance. Defendants then obtained an order requiring plaintiff to show cause why the writ of assistance should not be canceled, and why the decree should not be modified so as to give a one-year right of redemption from the sale. Upon the hearing of the order to show cause, it was quashed and the relief sought denied. Therefrom defendants appeal.

The only question raised by this appeal is whether the circuit court in an equity action has the power to order a sale of real estate without right of redemption under the circumstances above disclosed. In all cases of the sale of real property under execution, except where the estate sold is less than a leasehold of two years unexpired term, the right of redemption within one year exists. Rev. Code 1919, §§2679, 2683. Upon mortgage sales, either under foreclosure by advertisement or by action, the same right of redemption exists. Rev. Code 1919, §§ 2887, 2912. In sales on foreclosure of mechanics' liens the same right of redemption is given. Rev. Code 1919, § 1656. Ordinary probate sales are made without the right of redemption. Rev. Code 1919, § 3460. Sales of real estate in partition proceedings are made without right of redemption. Rev. Code 1919, § 2831. The sale in

question was purely a judicial sale, as strictly defined by Mr. Freeman in Void Judicial Sales, § 1, as distinguished from an execution sale .

[1]   In support of their contention that a right of redemption exists, appellants cite Hardin v. Graham, 38 S. D. 57, 159 N. W. 895, but that case related to a mortgage foreclosure sale, and therefore has no bearing on the question before us.   They also cite Harding v. Harding, 16 S. D. 406, 92 N. W. 1080, 102 Am. St. Rep. 694.   That case was in some respects analogous to this, in that it was there held that the court did not possess the power to cut off the right of redemption in the absence of some special power granted by the Legislature.   But we think the court in that case misconceived the extent of the power of a court of equity. The true rule seems to be that the right to redeem property sold under an order or decree of court is purely a privilege conferred by, and does not exist independently of, statute.   16 R. C. L. 141, 24 Cyc. 68.   The opinion in Harding v. Harding, supra, in so far as it related to the present subject of inquiry, seems to be based upon the mistaken theory that the only means of enforcement of an allowance to the wife in a divorce case was to declare it a lien upon the husband's real estate, and then proceed to foreclose the lien.   The court said:

"While the court is vested with power to declare the alimony awarded a lien upon the defendant's real estate and homestead, we are of the opinion that it extends no further, and that the court, in decreeing that the possession of the property should be immediately delivered upon sale to the purchaser, exceeded its power in the premises.   Our statute (sections 5151 to 5154 [Comp. Laws 1887] provides that the judgment debtor, in the case of sale of his property on execution, shall have one year in which to redeem the same, and this court has held that during the year the possession of the judgment debtor cannot be disturbed."

But we decided in Warne v. Warne, 36 S. D. 573, 156 N. W. 60, that the power of a court of equity was not so circumscribed. It is the general rule that—

"a court of equity on declaring a conveyance or transfer of property void as in fraud of creditors in a suit to vacate it, of which it has jurisdiction, may and will proceed to do full and complete justice by ordering a sale of the propety under its own direction;

it need not remit the creditors to their execution at law." 27 C. J. 852.

It is the usual practice in sales under a decree in equity for the deed to issue after the sale is confirmed. 1 Whitehouse, Eq. Pr., § 424. In Rorer on Judicial Sales (2d ed.) § 80, the text says:

"Judicial sales are in no wise subject to the operation of either valuation laws or redemption laws fixed by statute relative to sales at law on writs of execution, unless the statute declare them so."

In Farnsworth v. Strasler, 12 Ill. 482, the court said:

"The last objection which was made is that no redemption was allowed from the sale which was ordered to be made by the decree, and in support of the objection, our statute, which allows the same redemption from the sales of mortgaged premises, upon the foreclosure of the mortgage, which is allowed from sales made upon executions at law, was cited. This statute only applies to the class of sales mentioned in it, and we are not at liberty to extend it by construction to all sales made in pursuance of a decree of a court of equity. The court having acquired jurisdiction of the matter, was authorized to do complete justice between the parties, by ordering the premises to be sold to satisfy the amount due upon the former decree, and the considerations of clemency, which induced the passage of that statute, do not exist where premises have been covered up for many years by fraudulent conveyances, and kept from the reach of creditors."

[2, 3] If the administrator in this case had been the plaintiff in this action, instead of one of the defendants, and had recovered this property for the benefit of the creditors of the estate the property would then have constituted a part of the estate, and the county court would have ordered it sold to pay the debts of the estate. Upon such a sale there would have been no right of redemption. Rev. Code 1919, §§ 3309-3311. We can see no sound reason why the circuit court in this case, having jurisdiction of the res, did not possess the power to order a sale of the property without the right of redemption, instead of remanding the respondent to his remedy by a sale under execution, or to his remedy by an administrator's sale in the county court. 27 C. J. 852.

The circuit court having such power, and no question of the abuse of such power being raised, the order appealed from is affirmed.

ANDERSON, J., not sitting.

Note.—Reported in 201 N. W. 1002. See, Headnote (1), American Key-Numbered Digest, Judicial sales, Key-No. 59, 35 C. J. Sec. 104; (2) Executors and administrators, Key-No. 388(1), 24 C. J. Sec. 1713; (3) Fraudulent conveyances, Key-No. 313(2), 27 C. J. Secs. 813, 814.

For Uniform Fraudulent Conveyance Act, see Laws 1919, Chap. 209; 9 U. L. A. 121.