PORTER, Appellant, v. KNAPP et al., Respondents.
(Shearer, Intervener.)
(157 N. W. 988.)
(File No. 3903.   Opinion filed May 20, 1916.)

**Intervention—Parties Intervener—Intervention After Trial.**

Under Code Civ. Proc., Sec. 96, providing that a party seeking intervention may so intervene "before the trial," held, that

an application, in a statutory contest action, by an alleged elector, to intervene after trial and the filing of referee's report, and after a day had been set by trial court for hearing of motion to confirm referee's report, and before such report was heard, and to have litigated the question whether certain alleged illegal voters, referred to in the petition in intervention, were legal voters at said election, comes too late; that, regardless of statuory regulations, good practice requires that such petition be filed before the trial is entered upon; and the right to so intervene after trial, is not an absolute statutory right.

Appeal from Circuit Court, Roberts County. Hon. Thomas L. Bouck, Judge.

Election contest, by J. F. Porter, against J. C. Knapp and others, to determine the result of an election in the city of Sisseton, Roberts County, South Dakota, upon the question of licensing of sale of intoxicating liquors. From an order made before the hearing of a motion to confirm the report of referee, refusing to allow same to intervene, R. C. Shearer appeals. Affirmed.

The petition of intervention, by R. C. Shearer, alleges among other things, that petitioner is a taxpayer in the City of Sisseton; that the answer is simply a general denial and does not present facts which should be considered in this action; that upon information and belief a large number of persons voted at said election in favor of said proposition who were not qualified voters of said city; that said facts are not alleged by defendants in their answer, and they have refused to make application to amend their answer to set up said facts; that unless said facts are pleaded and brought to the attention of the court, petitioner and a large majority of residents and electors, taxpayers of said city, will suffer great injury and wrong. The complaint in intervention sets up, among other things, that at said election three persons named, and divers other persons whose names and residences are unknown, were, upon information and belief, disqualified electors of said city; that if said illegal votes are cast out said proposition voted upon, namely, "Shall intoxicating liquors be sold at retail?", did not carry but was lost for want of a majority; that said facts were not set out by the answer, and defendants have refused to ask the court for leave to amend answer by setting up said facts; that unless these facts are set forth, and intervener permitted to prove the same, a grave and irreparable injury will be suffered

by intervener and a majority of said taxpayers and residents; that the facts alleged in this complaint have just recently come to intervener's attention.. The affidavit of J. F. Porter, contestant, in resistance of said petition, shows, among other things, that R. C. Shearer was one of the judges of election at said election, that he was present at the trial of this action; was present during all the time that votes were being re-counted, and was, by the referee, appointed teller to assist in making said count, that all of said votes were counted by said referee and Shearer as such tellers; that some of the persons named in the petition in intervention, concerning whom it was alleged that they were not qualified voters, voted in that ward of said city where said Shearer was judge of election, so that he had actual knowledge of the fact that they voted at said election, when the votes were being cast; that he did not at time of said trial suggest that he desired to raise any question as to the legality of the votes cast, or as to the right of the persons to vote at said election; that contestant never heard until the last three or four days that said Shearer desired to participate in the trial of said action except as such teller.

C. R. Jorgenson, for Appellant.

Howard Babcock, for Respondent Porter.

J. W. Barrington, for Respondents Knapp and others.

WHITING, J.  Trial was had before a referee, the referee's report filed, and a day set by the trial court for the hearing of the motion to confirm such report.  Thereafter, and before the hearing of such report, appellant sought to intervene, and the court made its order refusing such intervention.  It is from this order that the present appeal is taken.

Regardless of statutory regulations, good practice requires that petitions seeking intervention be filed before the trial is entered upon; and it seems to be the general rule that a party will not be allowed to intervene between the trial and the rendition of the judgment.  11 Ency. Pl. & Pr. 503; Rockwell v. Coffey, 20 Colo. 397, 38 Pac. 376.  In this state this question has been settled by the express provisions of the statute allowing intervention. Such statute (section 96, C. C. P.) specifically provides that the party seeking intervention may so intervene "before the trial." Even conceding, without deciding, that there may be cases where

the court in its discretion might allow intervention even after trial, yet the right to so intervene is not an absolute right given by statute to a party seeking intervention. The facts disclosed by the record herein are such as fully warranted the trial court's denial of appellant's application.

The order appealed from is affirmed.