# CASES

## ARGUED AND DETERMINFD

### IN THE

# Supreme Court of South Dakota

YOUNGBERG, Appellant, v. YOUNGBERG, Respondent.

(181 N. W. 835.)

(File No. 4819.   Opinion filed March 10, 1921.)

1. **Intervention—Non-party Judgment Creditors, Intervention Application After Appeal, Futility of—Statute.**

Under Sec. 2322, Code 1919, providing that a person may before trial intervene in an action, judgment creditors not parties to the action may not become interveners upon an application after appeal from a judgment therein; this although there might be a case where intervention would be allowable after trial. So held, where the applicants were judgment creditors seeking to enforce rights against property the subject of disposition under a decree of divorce.

2. **Parties—Amici Curiae—Divorce Decree—Attorneys Re Judgment Creditors' Interest in Property, Defendant Defaulting—Right to Appear.**

Attorneys for judgment creditors of defendant in a suit for divorce in which the decree made certain disposition of defendant's property, may, pursuant to request of trial court, appear in Supreme Court and file brief as amici curiae, where plaintiff-appellant was dissatisfied with the terms of the decree, the non-resident defendant not having appeared in the action or on the appeal.

Appeal from Circuit court, Clark County.   HON. WILLIAM N. SKINNER, Judge.

Action by Sarah E. Youngberg, against Oscar A. Youngberg, for a divorce. From a judgment for plaintiff who was dissatisfied with the decree in disposing of defendant's property, she appeals. Pending the appeal Messrs. Sherwood & Sherwood, attorneys for judgment creditors of defendant, applied for leave

to intervene, and also to appear as amici curiæ. Intervention denied; request to appear as amici curiæ granted.

*R. A. Dunham,* for Appellant.

*Sherwood & Sherwood,* for petitioners re Intervention.

(1) To point one of the opinion, Appellant cited: Porter v. Knapp, 37 S. D. 279, 157 N. W. 988; Safely v. Caldwell, 17 Mont. 184, 52 A. S. R. 693; 11 Ency. Pl. & Pr. 503.

GATES, J. This is an appeal by the plaintiff from a judgment granting her a divorce from defendant and making disposition of the property of defendant. The appellant is dissatisfied with such disposition. The defendant was served with summons by publication. The notice and undertaking on appeal were served in like manner. The defendant did not appear in the action, and does not upon this appeal.

[1, 2] Application to this court has been made by Messrs. Sherwood & Sherwood, attorneys, for judgment creditors of defendant to intervene in the action, and also, at the request of the trial court, to appear as amici curiæ. The judgment creditors are interested in the property disposition. The judgment creditors are not and were not parties to this action; therefore under the terms of section 2322, Rev. Code 1919, which provides, "Any person may, before the trial, intervene in an action, * * * " they are not now, after judgment, in position to intervene. That section was so construed in Porter v. Knapp, 37 S. D. 279, 157 N. W. 988. Even though, as intimated, therein, there might be a case where intervention might be allowed after trial, yet it should not be allowed for the first time in the appellate court. Blatchford v. Newberry, 100 Ill. 484. If the judgment appealed from shall be reversed, the judgment creditors may then be in position to apply to the trial court for leave to intervene.

The application by Messrs. Sherwood & Sherwood will be denied in so far as it seeks intervention, but they will be permitted to file a brief as amici curiæ within 30 days herefrom. Appellant may within 20 days thereafter serve and file a brief in reply thereto.