[No. 5092.]

# A. P. EVERETT *v.* SARAH A. EVERETT.

DECREE OF DIVORCE.—When the Court grants a divorce to the husband on account of the offense of the wife, it cannot require the husband to pay to the wife, after the divorce, out of his separate property, a sum or sums of money for her support.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

Action by the husband to obtain a divorce from the wife on account of extreme cruelty on her part. The Court found that she had been guilty of extreme cruelty, and that there was no community property. The wife had no children. A divorce was granted, and the Court, in the decree, inserted the clause found in the opinion. From that part of the decree found in the opinion the plaintiff appealed.

*Bishop & Fifield,* for the Appellant. .

The divorce was granted for the offense of the wife.

The Court was authorized to make a division of the community property, and of that only. (Civil Code, secs. 146–8.)

The Court found as a fact (Trans. fol. 40) that there was no community property. Hence that portion of the decree requiring these payments to defendant as her share of the community property is directly opposed to the findings, and being unsupported by the findings, should be set aside.

Had the case been reversed, and the divorce granted to the wife for the offense of the husband, the Court would have been authorized to require the husband to provide for the maintenance of the wife, even out of his separate property. (Civil Code, secs. 139–141.)

But the offending wife with no children is limited upon final decree against her to a division of the community property, if any there be.

*M. G. Cobb,* for the Respondent.

By the Court, MCKINSTRY, J. :

The District Court found that there were no children of the marriage, and was no community property.

Sec. 139 of the Civil Code provides: " Where a divorce is granted for an offense of the husband, the Court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife, for her support during her life, or for a shorter period; as the Court may deem just, having regard to the circumstances of the parties respectively ; and the Court may, from time to time, modify its orders in these respects."

There is no provision of law authorizing the Court to require the husband to pay, subsequent to the divorce, and out of his separate property, any sum toward the maintenance of the former wife, when the divorce was for her offense.

The judgment is modified by striking therefrom the portion appealed from, which reads as follows : " It is further ordered that plaintiff pay to the attorney of defendant, or any other agent authorized in writing by her, for her use and benefit, the . sum of thirty dollars gold coin per month for the period of twelve months, said payments to be made on the first day of each and every month, beginning on the 1st day of August, 1875, and to be made only on the condition that no further proceedings be taken in this case by the defendant, said payments, when made and accepted, to be held as full payment to defendant of her share of any community property, and as full discharge to plaintiff of all claims of defendant in that behalf. The Court hereby reserves the power to modify that portion of this decree relating to the said payments."

Mr. Chief Justice WALLACE did not express an opinion.