## WARNE, Respondent, v. WARNE, Appellant.
## (156 N. W. 60.)

(File No. 3759.    Opinion filed February 1, 1916.)

1. **Divorce—Authority to Grant Realty Allowance—Statutory Basis of—Special Proceeding.**

   A proceeding, in divorce cases, for allowance, including realty, to the innocent party, under Civ. Code, Secs. 92, 93, being a special proceeding, the authority to render judgment enforcing such allowance must be found in the statute.

2. **Same—Allowance In Decree, Power of Court—Assignment of Realty Other Than Homestead—Construction of Statute.**

   The provision in Civ. Code, Sec. 93, authorizing the court, on rendering a decree of divorce, to assign the homestead to the innocent party, does not exclude the power of the court to assign other realty, upon the principle, Inclusio unius est exclusio alterius.

3. **Same—Allowance to Wife—"Permanent Alimony," Misnomer— "Permanent Allowance," Distinguished—Statute.**

   The suitable allowance to the wife, in granting her a divorce, which Civ. Code, Sec. 92, authorizes the court to require the husband to make for the wife's support, is not permanent "alimony;" since "alimony," in its strictly legal sense, relates to provisions made pendente lite; but it is "allowance," or "permanent allowance" for maintenance.

4. **Same—"Allowance," on Division of Property Under Decree— Construction of Statute.**

   Since the word "allowance" means "a share or portion allotted or granted," a court having power to so allot necessarily has power to assign property, real or personal; therefore, held, that under Civ. Code, Sec. 92, authorizing the court, in granting a divorce to the wife, to compel the husband to provide for maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support as the court may deem just, the court is empowered to set apart for the wife, and to require the husband to assign to her specific realty, in addition to the homestead, for the support of herself and minor children.

5. **Same—Division of Property Under Decree—Transfer of Title to Realty Other Than Homestead—Power of Court—Statute.**

   Since the court, in rendering decree of divorce, has power to determine that a share of specific property, real or personal, shall be assigned to the wife, held, that Civ. Code, Sec. 93, giving power to the court to enforce its orders for maintenance by appointment of receiver, or by any other remedy applicable to the case, is sufficiently broad to invoke the equity power of vesting title by its decree.

Appeal from Circuit Court, Davison County. Hon: ROBERT B. TRIPP, Judge.

Action for divorce, by Ada L. Warne, against Rodell C. Warne. From a modified judgment for plaintiff setting apart certain property, including realty other than homestead, defendant appeals. Affirmed.

*W. M. Herbert,* and *Spangler & Haney,* for Appellant.

*Charles F. Tyn,* and *Edward E. Wagner,* for Respondent.

(1) To point one of the opinion, Appellant cited: 1 R. C. L. 926; Cizek v. Cizek, 5 A. & E. Ann. Cases, 464, and notes.

(3) To point three of the opinion, Respondent cited: Berthelemy v. Johnson, (Ky.) 38 Am. Dec. 179; Mussing v. Mussing, 104 Ill. 126; Brick v. Brick, (Mich.) 33 N. W. 761; Reeves v. Reeves, (Mich.) 76 N. W. 4; Champion v. Myers, 207 Ill. 308; Jolley v. Jolley, 1 Iowa, 9; Powell v. Campbell, (Nev.) 20 Pac. 156; Twing v. O'Meara, (Iowa) 13 N. W. 321; Herron v. Heron, (Ohio) 9 L. R. A. 667.

GATES, J. [1] By a modified judgment granting plaintiff a divorce from defendant, the trial court set apart to plaintiff the homestead and other real property, the title to which stood in plaintiff's name, and further adjudged:

"That the following described real property be, and the same is hereby set apart to the plaintiff absolutely and for her sole use and benefit for the support and maintenance of herself and minor children, to-wit: *  * * Lots 5 and 6, in block 15, in Gleeson's addition to said city, and the defendant is ordered and commanded to forthwith execute and deliver to the plaintiff a deed conveying the title to said lots 5 and 6, in block 15, in Gleeson's addition to said city of Mitchell, to plaintiff so as to fully vest the title thereof in her."

The title to these lots stood in the name of defendant. From the portion of the judgment above recited the defendant has appealed. The only question presented by the appeal is, as stated by appellant:

"Whether the circuit court has authority in an action for divorce to transfer, or compel the transfer of, title to real property other than the homestead."

The basis of appellant's argument is that, under the provisions of sections 92 and 93 Civil Code, the court is without

power to transfer the title to any real estate other than the homestead, and cases are cited in support thereof, viz., those noted in 1 R. C. L. 926, and in 5 Ann. Cas. 464.

Sections 92 and 93 of our Rev. Civ. Code read as follows:

"Sec. 92. Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects.

"Sec. 93. The court may require the husband to give reasonable security for providing maintenance, or making any payments required under the provisions of this chapter, and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case. But when the wife has a separate estate sufficient to give her a proper support, the court, in its discretion, may withhold any allowance to her out of the separate property of the husband. The court, in rendering a decree of divorce, may assign the homestead to the innocent party, either absolutely or for a limited period, according to the facts in the case, and in consonance with the law relating to homesteads. The disposition of the homestead by the court, and all orders and decrees touching the alimony and maintenance of the wife, and for the custody, education and support of the children, as above provided, are subject to revision on appeal in all particulars, including those which are stated to be in the discretion of the court."

Appellant insists that a proper construction of section 92 did not warrant the judgment, and that the provision of section 93 which authorizes the transfer of the homestead excludes the power of the court to assign other real estate to the wife, upon the principle, expressio unius est exclusio alterius. We have exhaustively investigated all the cases to which our attention has been called and many others bearing upon the subject of allowance or alimony to the wife, together with the statutes of many of the states, and we think we are safe in saying that the above sections of our statute are different from those of any other state in the Union. As shown by the proposed Field Code, these sections were taken partially from the revised statutes of New York.

They were adopted by the territory of Dakota in 1866 and by California in 1872. In the latter state, however, certain other sections of previously enacted statutes were added which expressly mentioned the division of property between husband and wife. North Dakota had our sections for a time, but they have since been amended. We agree with the prevailing doctrine that the authority for the judgment in this case must be found in the statutes. Simpson v. Simpson, 80 Cal. 237, 22 Pac. 167; Powell v. Campbell, 20 Nev. 232, 20 Pac. 156, 2 L. R. A. 615, 19 Am. St. Rep. 350.

[2] We do not agree that the specific reference to the homestead in section 93, C. C., necessarily excludes the power of the court to assign other property than the homestead. The first sentence of section 93 was taken verbatim from the Field Code. The remaining portion first appeared in the Revised Civ. Code of 1877, together with the first sentence, as section 74. At that time chapter 38 of the Pol. Code 1877, provided (section 1) that the homestead should be "exempt from judicial sale, from judgment lien, and from mesne or final process issued out of any court." Section 3 of said chapter provided that a conveyance of the homestead should be of no validity unless both husband and wife concurred in and signed the same joint instrument. Because of these provisions, it might well have been doubted whether a court would have the power to assign the homestead even if the then section 73 (now section 92) of the Civ. Code had specifically authorized a division of the property. We think that in making reference to the homestead in the then section 74 (now section 93) it was clearly the legislative intent to do away with any uncertainty as to the power of the court to assign the homestead, and that it was not the intention of the Legislature to thereby imply that property other than the homestead could not be assigned to the wife. We shall therefore try to arrive at the meaning of section 92, C. C., as though there were no reference to a homestead in section 93.

It is to be noticed that section 92 makes no reference to either real or personal property, nor does it mention "money," as does section 90, C. C. The language is that the court may do two things: (a) Compel the husband to provide for the maintenance of the children; (b) compel him to make a suitable allowance to

the wife. This power of the court is broad and comprehensive. It is not restricted in terms as to kind of property nor as to method or means. Suppose the husband's property consisted of a small home and a good milk-producing cow. Would it be claimed that the court might not assign the cow for the partial support of the wife and children? Could the court only award the wife a sum of money equal to the value of the cow, make that a lien upon the cow, and order the cow to be sold in extinguishment of the lien? The logical result of the claim of appellant would prohibit the court from allowing the wife and children to keep their wearing apparel. It would have to be put up at auction and sold to realize the allowance to the wife for the support of herself and children.

[3, 4] We deem it important to here call attention to the fact that the allowance made to the wife by section 92, C. C., is not permanent alimony. "Alimony" in its strictly legal sense relates to provisions made pendente lite. Under the statutes of New York, California, and South Dakota, there is no such thing as permanent alimony. It is "allowance" or "permanent allowance" for maintenance. Ex parte Spencer, 83 Cal. 460, 23 P. 395, 17 Am. St. Rep. 266; Romaine v. Chauncey, 129 N. Y. 566, 29 N. E. 826, 14 L. R. A. 712, 26 Am. St. Rep. 544. What is the meaning of the word "allowance"? Webster's New International Dic. defines it as "a share or portion allotted or granted." Having the power to allot "a share or portion," the court must necessarily be held to have the power to assign to the wife such portion of the property of the husband, real or personal, as it may deem just, "having regard to the circumstances of the parties respectively." In De Roche v. De Roche, 12 N. D. 17, 94 N. W. 767, 1 Ann. Cas. 221, the court adopted the above definition of "allowance" in interpreting their statute, then in substance the same as ours, to warrant an allowance in a lump sum. That definition is also adopted in Black's Law Dic., in Bouvier's Law Dic., and in Words and Phrases. See, also, Smith v. Smith, 45 Ala. 264. This court unanimously announced the rule that an allowance in a lump sum to the injured wife was authorized by section 92, C. C. Williams v. Williams, 6 S. D. 284, 61 N. W. 38. That rule has been uniformly adhered to. Tuttle v. Tuttle, 26 S. D. 545, 128 N. W. 695; Drake v. Drake, 27 S. D. 329, 131 N. W. 294;

Narregang v. Narregang, 31 S. D. 459, 139 N. W. 341. It seems to us that the logic of these decisions disposes of the present case. If an allowance to the wife for her maintenance and for the support of the children may be made in a lump sum instead of by periodical payment of money, it is clear to us that the same power would authorize an allowance of specific property instead of money.

[5] If then, as we believe, the court has the power to determine that a share of specific property, real or personal, shall be assigned to the wife, why may it not vest the title to the property in the wife by its decree? Concerning that portion of the Nevada statute (Gen. St. 1885, § 496) which said, "In other cases the court may set apart such portion for her support and the support of their children as shall be deemed just and equitable," the Supreme Court of that state said, in Powell v. Campbell, supra:

"The court may 'set apart' so much of the husband's separate property, in case of divorce for extreme cruelty, as, under the circumstances, is just and reasonable for the support of the wife and their children. If more is set apart than is just and reasonable for support, it is error; but, until reversed or modified on appeal, the decree in this respect is not void. Does the power to set apart include the power to decree the husband's title to her, if in a given case it is necessary to do so in order to provide proper support for the wife and children? In this, as in all other cases of statutory construction, we must find, if possible, the legislative intent, and, in an earnest endeavor to do so in this case, the first thought that comes to our minds is, as before stated, that the primary objection of the Legislature was to give the wife and children a support out of his property; and, if the accomplishment of this object depends upon decreeing to her the title, what good reason can be given for withholding it? Is the entire title any more sacred than the absolute right of use for life, if the whole is required? * * *

"Again, if in no case can the court decree to the wife any portion of the husband's real estate in its entirety, then the same is true in relation to his personal property. No greater power is given in one case than in the other. Did the same Legislature that gave to widows and fatherless children, absolutely, a liberal amount of property, including household goods, intend in all

cases to prohibit courts from providing the same security of home and support to the woman who is compelled to seek the law's protection against the husband's cruelties and indignities."

In Iowa the statute authorized the court to "make such order in relation to the children and the property of the parties and the maintenance of the wife as shall be right and proper." Under that statute it has been uniformly held that a judgment similar to the one at bar, was within the jurisdiction of the court. Zuver v. Zuver, 36 Iowa, 190. The power given the court by section 93, C. C., to enforce its orders for maintenance "by the appointment of a receiver or by any other remedy applicable to the case," is sufficiently broad to invoke the equity power of vesting title by its decree. Answering the query of the Nevada court above quoted, we conclude that, if the accomplishment of the purpose of the statute necessitates decreeing title to real estate in the wife, there is no good reason for holding that the court has no power to do it.

The judgment and order appealed from are affirmed.