YOUNGBERG, Appellant, v. YOUNGBERG, Respondent.

(184 N. W. 360.)

(File No. 4819.   Opinion filed September 16, 1921.)

1.   **Divorce—Decree of Sale of Homestead and Division of Proceeds, Husband Having Disappeared—Whether Wife Entitled to Whole Homestead—Statute.**

In a suit by wife for divorce, defendant having disappeared from home and having left many debts unpaid, his whereabouts being unknown, court having among other things decreed that all personal property (which did not exceed $750 in value) and the homestead farm worth $12,000 and incumbered for $6000, should be sold, and that $2500 of the proceeds should be paid plaintiff, the residue to go to defendant; held, that plaintiff's claim to the entire homestead and that neither defendant nor his creditors was entitled to any part thereof or of its proceeds because of his having deserted her and having disappeared, is untenable under Sec. 166, Code 1919, which provides that the court in granting divorce may assign the homestead to the innocent party either absolutely or for a limited period according to the facts in the case "and in consonance with the law relating to homesteads;" that, whatever the quoted clause may mean, it does not mean that plaintiff was necessarily entitled to all of defendant's property upon granting of the divorce.

2.   **Homestead—Wife in Successful Suit for Divorce, Right to Homestead, Whether Same as if Divorce Denied—Rule.**

The wife, under a decree of divorce in her favor, has not the same right in the family homestead as though there had been no divorce; since she is no longer defendant's wife nor he her husband; and that if otherwise ordered by court, plaintiff had thenceforth no interest in homestead owned by defendant, while if title thereto had been in plaintiff, defendant, except as otherwise ordered, would thenceforth have no interest therein.

3.   **Appeal—Error—Non-evidence in Record, Whether Findings Support Conclusions of Law and Judgment, or Conversely?— Conclusions Sustained.**

Where, on appeal, the evidence not being in the record, and the sole question being whether findings support conclusions of law and judgment, or, conversely, whether the latter are in harmony with the facts found, Supreme Court will not presume they are not.

4.   **Divorce—Deserting Husband Debtor—Decree Finding Husband Had Creditors, as Unresponsive, Immaterial, But Non-prejudicial—Non-standing of Creditors**

A finding in a decree in wife's favor that there were creditors of the husband (who had deserted her and disappeared, leaving

many debts unpaid), was irresponsive to any issue in the case; but **held**, it was non-prejudicial to plaintiff-appellant (she having appealed from a decree refusing to give her entire homestead), because, even though trial court considered such finding (which does not affirmatively appear) yet the judgment giving plaintiff all the personalty and substantial proceeds to result from sale of the mortgaged homestead, was eminently just and fair to her, and on the facts found, creditors have no standing in this suit.

Smith and McCoy, JJ., not sititng.

Appeal from Circuit Court, Clark County.   Hon. WILLIAM N. SKINNER, Judge.

Action by Sarah E. Youngberg, against Oscar A. Youngberg, for a decree of divorce.   From a decree in plaintiff's favor, but refusing to assign her entire homestead and decreeing her $2500 out of proceeds of sale thereof, she appeals.   Affirmed.

*R. A. Dunham,* for Appellant.

*Sherwood & Sherwood,* Amici Curiae.

(2)   To point two of the opinion, Counsel amici' curiae cited:  Brady v. Krueger, 8 S. D. 464, 66 N. W. 1083, 59 Am. St. Rep. 774.

GATES, J.   Plaintiff was awarded a divorce from defendant upon the grounds of habitual intemperance, desertion, and cruelty. They had been married a year at the time of the desertion.   There were no children.   The property of defendant consisted of personal property not exceeding $750 in value, and the homestead; the latter being a 160-acre farm worth $12,000 and incumbered to the amount of $6,000.   The court awarded plaintiff the personal property and directed the sale of the homestead.   Out of such sale it was ordered that $2,500 be paid to plaintiff and the residue to defendant, or, if defendant could not be found, then the residue was to be paid into court.   The defendant had disappeared from his home and had not been heard from.   He left, owing many debts.

[1]   The plaintiff appeals from the judgment, and claims that the court committed a flagrant abuse of discretion in not awarding to her the whole homestead.   Messrs. Sherwood & Sherwood have filed briefs as amici curiæ, pursuant to permission granted. Youngberg v. Youngberg, 44 S. D. 1,   181 N. W. 835.   The real gist of appellant's claim is that, because of the disappearance of her former husband, and by reason of section 166, Rev. Code

1919, she should have all of his property, and that neither he nor his creditors should have anything. We apprehend that, if the former. husband were still living on the farm, scant attention would be given to an assertion by plaintiff that she was entitled to all of his property upon the granting of the divorce. Section 166, Rev. Code, provides:

"The court * * * may assign the homestead to the innocent party, either absolutely or for a limited period, according to the facts in the case, and in consonance with the law relating to homesteads."

Just what the last clause means it is not necessary for us to decide at this time. It certainly does not mean that plaintiff was necessarily entitled to all of defendant's property upon the granting of the divorce.

[2] The theory of appellant, as revealed by the argument and citations, is that she has the same right in the homestead as though there had been no divorce. Such is not the law. She is no longer the wife of defendant. He is no longer her husband. Brady v. Kreuger, 8 S. D. 464, 66 N. W. 1083, 59 Am. St. Rep. 774; Rosholt v. Mehus, 3 N. D. 513, 57 N. W. 783, 23 L. R. A. 239. Except as otherwise ordered by the court, plaintiff had thenceforth no interest in the homestead owned by defendant. Brady v. Kreuger, supra. If the title thereto had been owned by plaintiff, the defendant, except as otherwise ordered, would thenceforth have had no interest therein. It is therefore clear that the trial court did not as a matter of law err in its judgment.

[3, 4] The evidence is not before us. The sole question then is: Do the findings of fact support the conclusions of law and judgment? Or, conversely stated, are the conclusions of law and judgment in harmony with the facts found? We are unable to say that they are not. The tenth finding of fact, which found that there were creditors of the husband, was wholly unresponsive to any issue in the case, and had no proper place in the findings; but it was not prejudicial to appellant, because, even if the trial court considered such finding in arriving at its judgment (which does not affirmatively appear), yet such judgment was eminently just and fair to appellant. On the facts as found the creditors have no standing in the present action.

The judgment is affirmed.

SMITH and McCOY, JJ., not sitting.