HOUSMAN, Appellant, v. HOUSMAN, Respondent.

(226 N. W. 755.)

(File No. 6489. Opinion filed September 20, 1929.)

*Byrnes & Markey,* of Huron, for Appellant.

*W. C. Peterson, J. T. McCullen, Jr.,* and *Null & Royhl,* all of Huron, for Respondent.

MISER, C. ▮ Appellant sued respondent for divorce, alimony, custody of their four children, then aged 12, 11, 5, and 3

years, and for the possession of the family homestead. In respondent's answer and cross-complaint, he asked for divorce, for the custody of the children, and that the homestead be preserved to the use of the children as a home. After a trial, in which the parties and a number of other witnesses testified in detail to the marital troubles of the parties for the previous eight years, the trial court granted to respondent a divorce, and, until further order of the court, the custody and control of the children, then aged 14, 13, 7, and 5 years. It allowed appellant no alimony, nor suit money, except that respondent was required to pay the suit money and temporary alimony theretofore ordered. No useful purpose would be served by a recital of the evidence. It has been reviewed and the conflict in it noted. With reference to the question of divorce, alimony, and custody of the children in the case at bar, the following statement of the court in Habeck v. Habeck, 51 S. D. 455, 214 N. W. 846, 847, is peculiarly applicable: "The judge of the trial court had the parties before him and heard the witnesses testify and he had better opportunity than this court to determine the weight to be given to the evidence submitted. Where there is a conflict of evidence, and no clear preponderance of evidence against the findings of the trial court, its findings will not be disturbed by this court."

The disposition of the homestead presents a more difficult question. The court found that both appellant and respondent were able-bodied, and each capable of earning a living; that neither appellant nor respondent had any property, real or personal, except that appellant held the legal title to the homestead; that, for the proper support of the four children, this homestead should be decreed to be the sole property of the children; that such transfer was made urgent and advisable because of the foreclosure of a real estate mortgage then a lien on said homestead, and because both appellant and respondent had judgment liens of record in large sums against them.

The court specifically found as follows: "That for the preservation of the property it is necessary that the same be transferred to said children, and for the preservation of the best interests of said children, and to insure the said children a home and abode; that this transfer is made pursuant to the statute and is made absolute and in fee simple, and without any further right or title

in and to the plaintiff or the defendant." The court also found that respondent was the innocent party, within the definition and purview of section 166, R. C. 1919, and that respondent, as such innocent party, had in open court consented that the family homestead should be adjudicated to the children, as provided in said findings.

Section 166, R. C. 1919, is in part as follows: "The court, in rendering a decree of divorce, may assign the homestead to the innocent party, either absolutely or for a limited period, according to the facts in the case, and in consonance with the law relating to homesteads. The disposition of the home-stead by the court, and all orders and decrees touching the alimony and maintenance of the wife, and for the custody, education, and support of the children, as above provided, are subject to revision on appeal in all particulars, including those which are stated to be in the discretion of the court."

Section 165, R. C. 1919, as amended by chapter 219, Laws of 1923, is in part as follows: "Where a divorce is granted for an offense of either husband or wife, the courts shall in such action have full power to make an equitable division of the property belonging to either or both, whether the title to such property is in the name of the husband or the wife. In making such division of the property the court shall have regard for equity and the circumstances of the party."

██ ██ In the present case, the party found by the court to be the innocent party, and therefore eligible to have assigned to him the family homestead, and upon whom, under section 183, R. C. 1919, devolved the duty of support of said children, had consented that the property be adjudicated directly to the children of the parties. He testified that a mortgage on the homestead was being foreclosed at the term of circuit court in which the divorce case was then being tried, but that, if the property was decreed to the children, he could arrange to get a new loan on it. He testified: "I want the court to give it to the children, as I worked to get it for them. I want the title to that home fixed in such a way that it will be preserved as a home for the children. * * * All the property that I have at the present time is the interest in the home out there. * * * There are judgments against me at the pres-

ent time. I don't know just what they are, but they run up into the thousands. * * * It is all I can do to maintain the family."

Appellant insists that the trial court has arbitrarily taken property of great value from her and given it to the children, without taking into consideration its value. It is true that the trial court made no finding as to the value of the homestead; but no evidence as to its value was presented by either appellant or respondent. The evidence clearly shows that all the property owned by the family was this homestead. There were judgments of many thousands of dollars against appellant. There were judgments against respondent. A mortgage against the homestead was then in the process of foreclosure. It was not without reason appearing in the evidence that the court concluded that it would take all the equity remaining in this homestead to insure those four children, the innocent victims of their parents' marital difficulties, the shelter of a roof. If this homestead was so valuable as to be more than adequate to insure the support and education of her children, even when supplemented by the efforts of the insolvent respondent, appellant should have produced evidence to prove it. In her brief on appeal she now assumes as true what, on the trial, she failed to prove. In asking this court to reverse a decree, which, on its face, appears just and equitable, the burden is on appellant to show prejudice. This she has not done.

The judgment and order appealed from are therefore affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.