HIGGINS, Respondent, v. HIGGINS, Appellant.

(245 N. W. 397.)

(File No. 7294. Opinion filed November 18, 1932.)

*Danforth & Davenport,* of Sioux Falls, for Appellant.
*Conway, Feyder & Conway,* of Sioux Falls, for Respondent.

ROBERTS, J. This action was commenced by the plaintiff for the partition of real property situate in the city of Sioux Falls.

The defendant and her husband, Francis Higgins, residents of Rock Rapids, Iowa, purchased the property in question in March, 1920, moved to Sioux Falls, and thereafter for several years occupied the dwelling upon the premises. The defendant has to the time of the commencement of this action continued to reside therein. Both parties are named as grantees in the warranty deed to the premises and are described therein as husband and wife. The husband re-established his residence in Rock Rapids, Iowa, where he instituted an action for divorce on the ground of cruel and inhuman treatment. The defendant answered, and, after trial of the issues, the district court of Lyon county, Iowa, entered judgment for the plaintiff, which is in part as follows: "It is

hereby adjudged and decreed that the allegations of the plaintiff's petition as to the cruel and inhuman treatment by the Defendant such as to endanger the life of the Plaintiff, has been sustained, and that the allegations of the Cross-Petition of the defendant have not been sustained, and said Cross-Petition is hereby dismissed, and it is found, adjudged and decreed that the Plaintiff be and is hereby divorced from the defendant upon his petition and that the plaintiff have judgment against the defendant for alimony in the sum of $8,624.15, with interest thereon at 6% from the 9th day of November, 1926."

Pending the appeal from the divorce judgment, the husband died, and Edward Higgins, son of the parties and plaintiff in the instant case, having been appointed administrator of the estate of his father, was substituted as party plaintiff. The appellate court found that the divorce decree was fully sustained by the evidence, and that the alimony awarded involved only personal property to which plaintiff was entitled as a matter of right. The opinion is reported in 204 Iowa, 1312, 216 N. W. 693.

The will of Francis Higgins was admitted to probate in the district court of Lyon county, Iowa, and subsequently probate proceedings were had in the county court of Minnehaha county, S. D., wherein a final decree was entered decreeing a one-half interest in the property in dispute to Edward Higgins.

The trial court entered findings for the plaintiff, and the judgment decrees a partition and sale of the premises. Defendant appeals to this court.

The defendant contends that the trial court failed to consider and determine her equitable interests in the property and to adjudicate the homestead rights of the defendant. The basis for such contention is that, where the court of another state grants a decree of divorce to the spouse residing in that state, the courts of this state may thereafter in a suit for partition or in any other appropriate action preserve a homestead right or make a division of the property in this state between the parties as it would do in a divorce action, and that the plaintiff as the alleged successor in interest of his father would acquire an interest in the property, if any, subject to equities vested in the defendant. A careful examination of the record convinces us that the property was pur-

chased from the joint accumulations of the parties, and that the findings of the court to the effect that each of the parties had an undivided one-half interest in the property are fully sustained. It must also be conceded from the record that the defendant acquired and continued to have a homestead interest in the property to the time of the entry of the divorce decree.

The question for our determination is as to the effect of the decree entered by the district court of the state of Iowa. Since real estate is governed by the law of its situs, a decree of a court which attempts to transfer or directly affect title beyond its territorial limits, and not by compelling the holder of the title to convey, is ineffectual. This is elementary, and is not here controverted. 19 C. J. 367; Bullock v. Bullock, 52 N. J. Eq. 561, 30 A. 676, 27 L. R. A. 213, 46 Am. St. Rep. 528; Fall v. Eastin, 215 U. S. 1, 30 S. Ct. 3, 54 L. Ed. 65, 23 L. R. A. (N. S.) 924, 17 Ann. Cas. 853.

The decree in question awarded alimony to the husband, and the defendant contends that the court must necessarily have included in the money judgment the value of the interest which Francis Higgins had in the Sioux Falls property. The decree does not purport to have any such effect. A court of equity may in a proper case, when the parties in interest are within the jurisdiction of the court, compel a conveyance of land situate in another state. It is the conveyance, not the decree, that transfers the title. The court of the foreign jurisdiction, having authority to act upon the person and thus by exerting its powers in personam, may effect the conveyance or division of real properties beyond its jurisdiction. Fall v. Eastin, supra. No provision was made in the divorce decree for conveyance by the husband of his interest in the Sioux Falls property to the defendant, and a situation where a litigant is seeking judgment in this jurisdiction for the enforcement of an equitable decree of a sister state is not presented.

This court in Brady v. Kreuger, 8 S. D. 464, 66 N. W. 1083, 1085, 59 Am. St. Rep. 771, in considering the question of the retention of homestead and property rights by the wife upon the dissolution of the marriage, said: "There being in this state no right of dower, or other absolute claim of the wife upon the

property of the husband, except under the law of succession, as his widow, or under a homestead claim which exists in favor of a wife or widow, and which depends solely upon the fact that she is such wife or widow, she can only avail herself of these claims by showing that she occupies either one or the other of these relations named, to the husband. As the wife, upon a dissolution of the marriage, ceases to be the wife, and can never be the widow, of her divorced husband, her claims upon his property, necessarily, also cease and terminate upon the divorce. Rosholt v. Mehus, 3 N. D. 513, 57 N. W. 783 [23 L. R. A. 239]. It was undoubtedly for these reasons that the legislature of this state has conferred upon the courts in which a decree of divorce may be obtained such comprehensive powers for regulating and settling the rights of the wife in the property of the husband. Sections 2581-2585, Comp. Laws [Secs. 162-166, Rev. Code 1919]. The rights of the wife, therefore, in her husband's estate, after a divorce is granted, are regulated and determined exclusively by the provisions of the decree of divorce, unless there is some valid contract between the husband and wife." See, also, Harding v. Harding, 16 S. D. 406, 92 N. W. 1080; 102 Am. St. Rep. 694; Youngberg v. Youngberg, 44 S. D. 530, 184 N. W. 360; Lang v. Lang, 182 Cal. 765, 190 P. 181.

■ ■ The rights of the defendant in the property of her former husband have terminated, unless a different rule applies where a decree is entered in another jurisdiction. The defendant voluntarily appeared in response to process in the divorce action, and the validity of the decree of divorce rendered by the Iowa court is not questioned. The plaintiff was concededly a bona fide resident of the state of Iowa, and the decree, having been rendered in accordance with the laws of the forum by a court having jurisdiction over the persons of the defendant, is conclusive under the full faith and credit clause of the Federal Constitution (section 1, art. 4) upon the courts of this state, at least in so far as it adjudicates the dissolution of the marriage and establishes the status of the parties. 19 C. J. 362. The decree was not obtained on constructive service in a state other than that of the matrimonial domicile, the recognition of which would be dependent upon comity. Haddock v. Haddock, 201 U. S. 562, 26 S. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1.

The personal status of the parties to the divorce action thus became fixed by the decree, and the same being valid necessarily affects those property rights growing out of or dependent upon the status of the marriage.

The judgment and order appealed from are affirmed.

All the Judges concur.