MEILE, Respondent, v. MEILE, Appellant

(15 N. W.2d 453.)

(File No. 8670. Opinion filed August 23, 1944.)

**Hugh S. Gamble,** of Sioux Falls, for Defendant and Appellant.

**Harold Bogue,** of Canton, for Plaintiff and Respondent.

POLLEY, J. The question presented by this appeal is whether the court made adequate provision for the wife in a divorce decree granted her on the ground of cruelty.

The description and approximate value of the property to which the husband had title at the time of the divorce is as follows: the family homestead, a small residence in Beresford, South Dakota, value $1500; four vacant lots nearby, value $450; automobile $300; life insurance policy, cash surrender value $400; and a promissory note, secured by mortgage, face value $400. The wife then had title to an undivided one-third interest in 260 acres of Union County land, subject to a life estate in her aged mother, and subject to a power in the mother to mortgage or sell the same. This property, and the above described promissory note, came to the respective parties by inheritance. In addition the parties had their household furniture and furnishings,

some items of which came as gifts to the wife. It is revealed that the wife had about $1000 at the time of the marriage which was used as part of the purchase price of the original home. The proceeds of the sale of that home supplied the purchase price of the above described home.

The husband, a printer by occupation, is able-bodied and earns about $140 per month. Two serious goiter operations have made inroads on the health of the wife. Except as a housekeeper, the wife is untrained. She is 47 years of age.

The decree awarded each of the parties the property standing in their respective names, except that it assigned all the household furniture and furnishings to the wife. In addition, it awarded the custody of a minor child to the wife and obligated the father for a monthly allowance of $25 for its support.

The wife complains that the decree is inequitable in that it assigns practically all of the property accumulated by the joint effort of the parties, and to the purchase of which she contributed $1000 from her separate estate, to the husband, and leaves her with some much used household furniture and no property or funds from which to provide herself with maintenance.

■■■■ It must be presumed that the property division effected by the decree was intended to be in lieu of permanent alimony or maintenance. Such alimony was unknown to the common law. It is a creature of statute. 17 Am. Jur. 462. The controlling statutes provide:

SDC 14.0726. "Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life or for a shorter period, as the court may deem just, having regard to the circumstances of the parties represented, and the court may from time to time modify its orders in these respects.

"Where a divorce is granted for an offense of either husband or wife, the courts shall in such action have full power to make an equitable division of the property belonging to either or both, whether the title to such property is in the

name of the husband or the wife. In making such division of the property the court shall have regard for equity and the circumstances of the parties."

SDC 14.0728. "The court may require the husband to give resonable security for providing maintenance, or making any payments required under the provisions of this chapter, and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case. But when the wife has a separate estate sufficient to give her a proper support, the court in its discretion may withhold any allowance to her out of the separate property of the husband."

In Tuttle v. Tuttle, 26 S.D. 545, 128 N. W. 695, 697, it was said:

"Permanent alimony is that provision which the law makes for the support of the wife, or of her who was the wife, out of the estate of the husband after separation, in lieu of his common-law obligation to support her as his wife, if they should have continued living together. She was entitled to and had his support out of all he possessed, including earnings. When he has broken up that relation, so that she can no longer partake jointly with him of such support, the law sets apart to her enough of his estate, including earnings, to make an equivalent of what is denied by his fault."

It is made manifest by SDC 14.0726, supra, that the decree must be shaped by the circumstances of the parties. In Tuttle v. Tuttle, supra, we said:

"In arriving at what is a just and equitable amount of permanent alimony that should be allowed the wife, on separation by divorce for the fault of the husband, various matters should be taken into consideration. The value of his property both real and personal, and his capacity to earn money, the value of her property, the age and health of each, the position of each in society, the faults of each as to the cause of the separation, the care and custody of the children, and all such kindred questions may and should be considered."

Similar expressions are contained in Caldwell v. Caldwell, 58 S. D. 472, 237 N. W. 568, and in Peterson v. Peterson, 56 S. D. 399, 298 N. W. 804. The wife asserts that the court

erred in considering her separate estate in framing the decree. She also indicates that the court was without power in the circumstances to award the homestead to the husband. We think she is in error in both of these contentions. The clear words of the statute, SDC 14.0726, embrace all of the property of the parties. Implicit in the provisions of SDC 14.0728, which authorizes the court to withhold any allowance to a wife out of the separate property of the husband when her separate estate is sufficient to provide her with support, is an authorization to consider her separate estate in making some provision for her out of the husband's separate estate or earnings. We rejected the wife's point of view as to the homestead in Youngberg v. Youngberg, 44 S. D. 530, 184 N. W. 360.

Nevertheless, when all of the undisputed evidence is considered, we think the wife is supported in her over-all contention that the decree is inequitable. The trial court seems to have overlooked the fact that the separate estate of this wife is not available to her. She has not come into possession of the property and the powers of the mother to sell or mortgage that property render her vested interests unmarketable. The wife, in fact, is left with the household furniture, and no present means for her maintenance.

It rests within our powers to modify and mold the terms of this decree. SDC 14.0728. In the instant circumstances because of the lapse of time and possible changes in the earnings of the husband, we content ourselves with suggesting the nature of modification the trial court should make therein. A larger monthly allowance from the earnings of this husband equally applied to the maintenance of the wife and child will provide for the present necessities of the wife, and will permit the court to make an equitable adjustment when and if the wife comes into the enjoyment of her separate estate.

For the reasons pointed out, the judgment appealed from is reversed.

ROBERTS and SMITH, JJ., concur.

RUDOLPH, J., not sitting.