BERNARD, Respondent, v. BERNARD, Appellant

(54 N. W.2d 351)

(File No. 9269.  Opinion filed July 7, 1952)

**Lacey & Perry,** Sioux Falls, for Plaintiff and Appellant.

**Bailey, Voorhees, Woods & Fuller, and T. M. Bailey, Jr.,** Sioux Falls, for Defendant and Respondent.

PER CURIAM.  In 1948 Frank P. Bernard instituted an action for divorce against Anna Bernard on the ground of extreme cruelty.  Thereafter, the parties and their re-

spective counsel signed a stipulation reading in part as follows:

"It is hereby stipulated by and between the parties to the above entitled action that in the event a Decree of divorce is granted to the plaintiff in the above entitled action that the plaintiff will pay to the defendant for her support and maintenance, the sum of $80.00 per month, subject to the further order of the above named Court, reserving to himself the right to apply to said Court for modification or termination of said payment. * * *

"It is further stipulated and agreed that in the event this stipulation meets with the approval of the above named Court, the provisions thereof shall be embodied in any Decree of divorce to be granted to the plaintiff in said action."
The decree, entered in December 1948, which awarded a divorce to the husband because of the extreme cruelty of the wife recited "and the Court having read and considered the Stipulation of the parties in settlement of their rights as to the support and maintenance of the Defendant and the payment of her attorney fees and said Stipulation meeting with the approval of the Court," and ordered and adjudged and decreed "that the Plaintiff, Frank P. Bernard, pay to the defendant, Anna Bernard, the sum of $80.00 per month commencing with the date of this Judgment and Decree and continuing until the further Order of this Court, for the support of the Defendant".

In March 1951, the plaintiff, hereinafter designated as the husband, procured an order requiring the defendant, whom we shall call the wife, to show cause why the judgment should not be modified by striking therefrom the direction to pay her support, and why the husband should not be relieved from the obligation of payments accruing on or subsequent to March 1951. Following a hearing on affidavits and oral testimony the trial court modified the judgment so as to require the husband to pay $60 per month to the wife after the 1st day of March, until the further order of the court. From this order the husband has appealed. He contends that: (1) the divorce having been granted the husband for the fault of the wife the court exceeded its jurisdiction in directing the payments for the support of the wife,

and (2) if the direction of the decree is valid, the change of circumstances revealed by the evidence impelled a more substantial modification of the monthly payment.

Under the first contention the husband argues that the direction of the decree to make a monthly payment to the wife should have been stricken therefrom for the reason that the power of the court to award what is commonly called alimony in decreeing an absolute divorce is statutory in origin, and our statutes only provide for such an allowance when a divorce is granted for an offense of the husband. In response the wife urges us to hold that a grant of alimony in such circumstances is within the equitable powers of our courts.

■ It is generally recognized that the power to grant a permanent allowance to the wife in connection with a decree absolutely dissolving a marriage must be drawn from statute. Such a power was unknown to either the ecclesiastical or common law. 27 C.J.S., Divorce, § 228 page 938; 17 Am.Jur., Divorce, § 513; 2 Nelson, Divorce and Annulment, 2d Ed. § 14.11. Such was our holding in Warne v. Warne, 36 S. D. 573, 156 N.W. 60, and in Meile v. Meile, 70 S. D. 115, 15 N.W.2d 453. After an extensive review of the authorities and the background of our law of divorce we perceive no sound reason for receding from that view.

The controlling statute, SDC 14.0726, reads:

"Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life or for a shorter period, as the court may deem just, having regard to the circumstances of the parties represented; and the court may from time to time modify its orders in these respects.

"Where a divorce is granted for an offense of either husband or wife, the courts shall in such action have full power to make an equitable division of the property belonging to either or both, whether the title to such property is in the name of the husband or the wife. In making such division of the property the court shall have regard for equity and the circumstances of the parties."

■■ The power to direct the payment of permanent alimony to the wife is drawn from the first paragraph of the foregoing statute. In reviewing a decree of absolute divorce on the ground of the extreme cruelty of the wife, in Baron v. Baron, 71 S. D. 641, 28 N.W.2d 836, in dealing with the above described power, we said, "Because the divorce was granted for the fault of the wife, that power is not invoked." Like statutes have received the same interpretation in other states. Everett v. Everett, 52 Cal. 383; Glynn v. Glynn, 8 N. D. 233, 77 N.W. 594. Cf. Annotation 82 A.L.R. 539. We adhere to that view and hold that the court was without power to direct the payment of alimony to the wife under the facts revealed by this record. It is not claimed that the parties owned any property or that any facts were before the court which called upon it to exert the power to make an equitable division of property under the provisions of the second paragraph of SDC 14.0726 quoted supra.

The question then arises as to whether the requirement for monthly payments to the wife provided in the stipulation of the parties is appropriately in the decree, not as an alimony allowance by the court but rather as an adjudication of the rights of the parties under their own agreement. It is not uncommon practice, pursuant to the terms of a contract, to include in a decree for divorce directions which otherwise would be without warrant. Glynn v. Glynn, supra; Parker v. Parker, 193 Cal. 478, 225 P. 447; Johnson v. Johnson, 104 Cal.App. 283, 285 P. 902; North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061; McKinney v. McKinney, 152 Kan. 372, 103 P.2d 793; Emerson v. Emerson, 120 Md. 584, 87 A. 1033; and Hassaurek v. Markbreit, Adm'r, 68 Ohio St. 554, 67 N.E. 1066. For reasons hereafter appearing however we hold that the provision involving payments to the wife cannot be justified in the decree as an adjudication of contract rights.

Insofar as the parties repose in the court the power to modify or terminate the $80 monthly payment they attempt to vest the court with power it lacks under the law. This the litigants cannot do. See Garner v. Garner, 182 Or. 549, 189 P.2d 397, and Glynn v. Glynn, supra. This part of the

contract undertakes to authorize the court to determine the support allowance payable to the wife under circumstances different than those existing when the parties agreed to $80 per month. The change in allowance could be made irrespective of the will or agreement of the parties. Such a modification made by the court under a power ostensibly flowing from the agreement of the parties cannot justifiably be distinguished from alimony; and as we have held above the law does not sanction alimony in this case. With this important part of the agreement failing, the whole agreement becomes incongruous in the divorce decree. To give effect to that part of the stipulation that provides for the $80 per month and hold invalid only that part relating to a modification or termination of the $80 payment would be to make a new agreement for the parties.

While respondents have argued that the husband should be estopped to deny his liability under his own stipulation, no satisfactory authority has been cited and we know of none that would justify the application here of the doctrine of estoppel. Estoppel would nullify our holding that the parties cannot by their agreement or consent give validity to an adjudication that is invalid because it was without jurisdiction. Garner v. Garner, supra, and authorities cited.

The appellant's motion to strike from the decree the controversial provisions should have been granted. The order of the circuit court is reversed and the cause remanded with directions to amend the original decree by deleting therefrom the provisions relating to monthly payments.

SICKEL, P. J., and ROBERTS, RUDOLPH and LEEDOM, JJ., concur.

SMITH, J. (dissenting). I am in the accord with the views of the trial court, therefore I dissent.