STEARNS, Respondent v. STEARNS, Appellant

(126 N.W.2d 124)

(File No. 10052. Opinion filed February 3, 1964)

**Charles Lacey,** Sioux Falls, for Defendant and Appellant.

**Henry C. Mundt, Robert L. O'Connor,** Sioux Falls, for Plaintiff and Respondent.

HANSON, J. In this action both parties sought a divorce on the ground of cruelty. The trial court granted an absolute divorce to the defendant, Montie Stearns. Notwithstanding, he appeals from other provisions of the decree relating to (1) custody of the minor children, (2) division of property, and (3) disposition of the homestead.

Plaintiff and defendant were married March 22, 1952 and have two minor children seven and eight years of age. They reside in the City of Sioux Falls where defendant is employed at the Metz Bakery with annual earnings of approximately $6,000. The plaintiff, Betty Stearns, was also gainfully employed for four years following her marriage.

As ground for divorce defendant alleged in his cross complaint that plaintiff was guilty of extreme cruelty during the past eight years by associating with other men and deceiving defendant as to her whereabouts all of which caused him grevious mental suffering. In this respect the trial court found:

"IV

"That the defendant lacked confidence in the plaintiff's fidelity. That the plaintiff's activities of meetings with different men, were more 'tantalizing' than immoral. That this course of conduct was destructive of the marriage, and affected the defendant's mental well-being."

Defendant contends the trial court abused its discretion in awarding the children to plaintiff who was at fault for the divorce by reason of her clandestine meetings and associations with other men as reflected in the court's findings. We cannot agree.

■ Whenever a court is compelled to determine custody of minor children in divorce proceedings it must consider all the facts and circumstances in each case, together with the relative fitness of each parent, and in the light of all the surrounding facts and circumstances provide for their care, custody, and control in a manner most likely to be for the children's best welfare and interest. All other considerations are secondary. Therefore, notwithstanding the marital misconduct of a mother, the welfare of the child may best be served by awarding it to here. 17A Am.Jur., Divorce and Separation, § 820, p. 16.

■ ■ When children of tender years are involved our law favors the mother, SDC 14.0505, and her statutory preferential right cannot be denied or defeated in the absence of some compelling reason such as an indication that her custody of the children would be detrimental to their best interest and welfare. Hines v. Hines, 78 S.D. 464, 104 N.W.2d 375; Howells v. Howells, 79 S.D. 480, 113 N.W.2d. 533; Wiesner v. Wiesner, 80 S.D. 114, 119 N.W.2d 920; and Septka v. Septka, 80 S.D. 299, 122 N.W.2d 766. A careful review of the record does not reflect any compelling reason why plaintiff's preferential right to custody should be denied. There is no evidence of neglect, abuse, or lack of maternal care or concern. Defendant even admitted plaintiff was a "pretty good" mother and a "pretty fair" homemaker for the children.

The disposition of the homestead presents a more perplexing question. In 1958 the parties jointly purchased a home in Sioux Falls for $9,500 encumbered by a mortgage in the amount of $8,000. In addition, the Stearnses owned a 1954 Cadillac worth $600, a 1950 Chevrolet worth $100, and household goods, appliances and other personal property valued at $1,500. The trial court awarded defendant the Cadillac, movie camera, projector, screen, two shotguns, three pistols, and his personal effects. Plaintiff was awarded the Chevrolet, household goods, her personal effects, and the remaining personal property. Possession of the home was also granted to plaintiff until such time as she remarries or such children reach their majority, at which time it shall be sold and the proceeds divided equally between them. The court further ordered defendant to pay the monthly installment loan, and the escrow payments for taxes and insurance,

upon said home during such time as the plaintiff remains single or the children attain their majority. The payments are $71 per month.

 Defendant maintains the trial court had no authority to assign possession of the homestead to the party at fault contrary to the following restrictive language contained in SDC 14.0728:

> "The court, in rendering a decree of divorce, may assign the homestead to the innocent party, either absolutely or for a limited period, according to the facts in the case and in consonance with the law relating to homesteads."

This provision is not mandatory in effect. Youngberg v. Youngberg, 44 S.D. 530, 184 N.W. 360. Under it, a court may assign the homestead to the innocent party or may allow the homestead to be retained by the guilty party. Conversely read, however, it does cast doubt on the authority of a court to assign either the fee title or possession of a homestead to the guilty party when title is held by the innocent party or it is jointly owned. See Greenlee v. Greenlee, 7 Cal.2d 579, 61 P.2d 1157, where the term "for a limited period" in a similar statute has been construed to mean for the natural life of the innocent party, and Simpson v. Simpson, 80 Cal. 237, 22 P. 167, indicating the term "absolutely" contemplates an assignment of both possession and fee title. This law first appeared in Section 74 of the Revised Code of 1877. It has been carried forward into Section 2585 Comp.Laws of 1887, Section 93 Rev.Code of 1903, Section 166 Rev.Code of 1919, and is now part of SDC 14.0728. Its origin is traced by Judge Gates in Warne v. Warne, 36 S.D. 573, 156 N.W. 60, wherein the court concluded it was enacted to do away with any uncertainty of the court to assign the homestead in divorce actions because of other pre-existing statutes relating to the conveyance of homesteads and their exemption from judicial sale, judgment lien, and all other mesne or final process of any court. However, it is unnecessary to speculate as to the historical significance of Section 74 or its present effect as it has become a meaningless anachronism in our law by subsequent

amendment and enlargement of its statutory companion. Section 73 of the Civil Code of 1877 provided:

"Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects."

This provision was codified as Sec. 2584 Compiled Laws of 1887, Section 92 of the Revised Code of 1903, Section 165 of the Revised Code of 1919, and was amended by Chapter 219 of the Session Laws of 1923 by the addition of the following provision:

"Where a divorce is granted for an offense of either husband or wife, the courts shall in such action have full power to make an equitable division of the property belonging to either or both, whether the title to such property is in the name of the husband or the wife. In making such division of the property the court shall have regard for equity and the circumstances of the parties."

This broad authorization now appears in our law as Par. 2 of SDC 14.0726. The 1923 amendment greatly enhanced the power of our courts to make an equitable division of all property and all interest in property belonging to either the husband or wife in divorce actions regardless of fault. This includes authority to award the homestead to the guilty spouse, Meile v. Meile, 70 S.D. 115, 15 N.W.2d 453. The ancient limitation on assignment of the homestead to the innocent party in divorce actions (SDC 14.0728) is so inconsistent and incompatible with the broad authority of the court to equitably divide all property of whatever nature belonging to either party regardless of fault (SDC 14.0726) that the two statutes cannot reasonably be reconciled. Therefore, it would appear that the enactment of Chapter 219 of the Laws of 1923 repealed by implication the earlier

restrictive statute. That the two inconsistent statutes were later simultaneously codified into the 1939 Code does not bar repeal by implication as conflicting statutes, in such event, retain their historical chronology and the last declaration of the legislative will prevails. Kershaw v. Burleigh County, 77 N.D. 932, 47 N.W.2d 132. In any event the trial court was not precluded from assigning plaintiff possession of the homestead although she was at fault for the divorce. It was empowered to do so either (1) as part of the property settlement or (2) for the limited purpose of providing a home for the minor children in accordance with the authority granted by SDC 14.0724 to "give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper." Obviously, possession of the homestead was not granted plaintiff as part of the property settlement. Her interest in the same was otherwise fully provided for. Therefore, her use of the property should be limited to the purpose of providing a home for the minor children and made contingent upon her retention of their custody.

One other issue relating to the disposition of the homestead remains. At the time of trial the homestead was valued at $10,000 with $6,960.33 remaining due on the mortgage. This left the parties an equity of approximately $3,000 of which plaintiff's proportionate share would be approximately $1,500. However, according to the decree entered by the trial court, defendant must pay the monthly mortgage installments on this property until it is sold at which time the proceeds will be equally divided. As the amount of the mortgage is thus reduced the value of plaintiff's interest increases. This constitutes something more than a division of property owned by the parties at the time of trial. The mortgage payments of necessity will have to come out of defendant's future earnings. Whatever amount plaintiff may receive in excess of $1,500 upon sale of the property would, in effect, be an indirect allowance to her contrary to SDC 14.0726 which permits an allowance to the wife only when the divorce is granted for an offense of the husband. To avoid this question fee title to the real property should be assigned to and vested in defendant. To compensate plaintiff the sum of $1,500 without interest thereon should be awarded to her as part of the property settlement and declared to be a lien against the premises

payable whenever her custody of the minor children ends, they attain majority, or she remarries.

Accordingly, the portions of the decree appealed from relating to custody of the minor children and division of personal property are affirmed. The portion of the decree relating to the disposition of the homestead is reversed with directions to modify the same consistent herewith. No costs shall be taxed either party.

BIEGELMEIER, P. J., and HOMEYER, J., concur specially.

ROBERTS and RENTTO, JJ., dissent in part.

BIEGELMEIER, P. J., and HOMEYER, J., (specially concurring). Plaintiff wife was granted use of the home owned in joint tenancy until she remarries or until the children reach their majority, her use to terminate upon the happening of either event. To us from the record and language employed, it is obvious that the court granted plaintiff use of the home for the benefit of the minor children and as a part of their support allowance. This was proper under SDC 14.0724. We do not construe SDC 14.0728 as preventing the court from assigning property used as a home prior to divorce to the guilty spouse, when she is awarded custody of minor children, as a part of their support allowance. This is in accord with Judge Hanson's opinion. We find it unnecessary to consider the question of implied repeal and hence concur with that qualification.

ROBERTS, J. (dissenting in part). Defendant to whom divorce in this action was granted contends that the court was without authority to assign to plaintiff the family homestead.

As to the disposition of the homestead on termination of the marriage by divorce, SDC 14.0728 provides: "The court, in rendering a decree of divorce, may assign the homestead to the innocent party, either absolutely or for a limited period, according to the facts in the case, and in consonance with the law relating to homesteads."

Legislation providing for homestead exemptions is enjoined by § 4, Art. XXI, State Constitution. The homestead does not create a new title or enlarge an existing title. The primary benefit of a homestead is exemption "from judicial sale, from judg-

ment lien, and from all mesne or final process from any court, to the extent and as provided" in the statutes. SDC 51.1701. It is immaterial whether title is vested in the husband or the wife if in fact it is the home of the family.

Where there is no adjudication in a divorce decree regarding the homestead, the wife does not have the same right in the family homestead as though there had been no divorce. Brady v. Kreuger, 8 S.D. 464, 66 N.W. 1083, 59 Am.St.Rep. 771; Youngberg v. Youngberg, 44 S.D. 530, 184 N.W. 360; Higgins v. Higgins, 60 S.D. 576, 245 N.W. 397. In the Youngberg case the court decreed that the homestead property worth $12,000 and encumbered for $6,000 be sold and that $2,500 of the proceeds be paid plaintiff wife and the residue to defendant husband. She claimed that because the husband had deserted her and disappeared that she was entitled to the entire homestead and that the husband and his creditors were not entitled to any part of the property. This court in rejecting such contention said: "The theory of appellant, as revealed by the argument and citations, is that she has the same right in the homestead as though there had been no divorce. Such is not the law. She is no longer the wife of defendant. He is no longer her husband. * * * Except as otherwise ordered by the court, plaintiff had thenceforth no interest in the homestead owned by defendant."

Section 165, R.C. 1919, provided as follows: "Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects." These provisions and those of section 14.0728, above quoted, had their origin in territorial statutes. Warne v. Warne, 36 S.D. 573, 156 N.W. 60. Section 165, which presently became SDC 14.0726, was amended in 1923 (Chap. 219, Laws 1923) by adding the following paragraph: "Where a divorce is granted for an offense of either husband or wife, the courts shall in such action have full power to make an equitable division

of the property belonging to either or both, whether the title to such property is in the name of the husband or the wife. In making such division of the property the court shall have regard for equity and the circumstances of the parties." A division of specific property may thus be made without reference to fault except as it may enter into a determination of what is equitable. Caldwell v. Caldwell, 58 S.D. 472, 237 N.W. 568; Kressly v. Kressly, 77 S.D. 143, 87 N.W.2d 601.

The homestead provisions of section 14.0728 are in my opinion reconcilable with those of section 14.0726 and remain in effect at this time. Under these sections a homestead property may be divided or it may be sold and the proceeds divided. The homestead characteristics in those instances do not survive. The homestead "in consonance with the law relating" thereto may under the clear terms of section 14.0728 be assigned to the innocent party. The innocent spouse is not then deprived of the protection of the home. There appears to be no expression in the decisions of this court to the contrary. In Meile v. Meile, 70 S.D. 115, 15 N.W.2d 453, a divorce was granted to the wife. The husband had title to the family residence referred to in the statement of facts as a "homestead." The judgment awarded to each of the parties the property in his or her name. The homestead as such was not assigned. Whether homestead characteristics survived dissolution of the marriage or remained as incidents of the property in possession of the husband is not important. The homestead right did not remain in him as a result of the decree.

The result in which the majority concur is that plaintiff even though the divorce was granted for her fault have possession of the homestead for the benefit of the minor children and as a part of their support allowance. This disposition of the homestead in my opinion is not within the statutory authority of the court. Authority therefore must be found in the statute. Bernard v. Bernard, 74 S.D. 449, 54 N.W.2d 351. It is equally clear that the various sections of the divorce statute should be construed in pari materia. In Re Swanson's Estate, 79 S.D. 3, 107 N.W.2d 256. In Simpson v. Simpson, 80 Cal. 237, 22 P. 167, the California court construing language of a statute providing that in case

of divorce the homestead "may be assigned to the innocent party, either absolutely or for a limited period," concluded that the "law did not authorize the court to assign the homestead, or any equitable interest in it, to the children, nor to the wife in trust for any purpose." The legislature has granted authority to require the husband to secure payments for maintenance, but not to award the use of the home as a provision for the support of the minor children. SDC 14.0728; see also Jenkins v. Jenkins, 110 Cal.App.2d 663, 243 P.2d 79. In Housman v. Housman, 55 S.D. 548, 226 N.W. 755, this court affirmed the disposition of the homestead to the minor children, but there the husband found to be the innocent party and therefore eligible to have assigned to him the family homestead and upon whom devolved the duty of supporting the minor children consented "that the property be adjudicated directly to the children." For these reasons, I do not think that the trial court has authority to decree the disposition of the homestead in the manner indicated by the majority, and, accordingly, dissent from that part of the majority decision.

RENTTO, J., concurs.