Sonja HANSON, Plaintiff and Appellee,

v.

**Verlyn L. HANSON, Defendant and Appellant.**

Nos. 13490, 13491.

Supreme Court of South Dakota.

Considered On Briefs Feb. 22. 1982.

Decided April 21, 1982.

* The $200.00 tendered, as noted in the majority opinion, was during the mother's lifetime.

Ross H. Oviatt of Oviatt, Green, Schulz & Roby, Watertown, for plaintiff and appellee.

William E. Coester, Milbank, for defendant and appellant.

WOLLMAN, Chief Justice.

Appellant Verlyn Hanson appeals from the judgment of divorce and order appointing receiver. Appellee Sonja Hanson seeks review of that part of the judgment and order awarding appellee $150 per month support for each child during minority and has filed a motion for an award of attorney fees on appeal. We affirm the judgment and grant the motion.

The parties were married in 1958. At the time judgment of divorce was entered two of their five children were minors. From the time of their marriage until 1977 the parties and their children lived in a farm home in Grant County, where they were engaged in general farming and ranching. While appellee resided on the farm with appellant she performed the household chores, reared the children, and performed physical labor in the fields and outbuildings. In 1977 appellee moved to Milbank, both because of marital discord and in order to place the children in a preferred public school district. Appellee has been afflicted with multiple sclerosis since 1971; the disease has been in remission since 1976. She also suffers from a faulty heart valve.

At the time of their marriage the parties owned little property. Through their joint efforts during marriage they accumulated considerable real and personal property. The trial court found that all property should be divided equally between the parties as tenants in common, subject to all debts. The court appointed a receiver to take possession of and sell all real and personal property not awarded specifically to each party.

Custody of the minor children was given to appellee. Appellant was required to pay $150 per month child support for each child, as well as nominal alimony.

In the first six issues presented for our consideration, appellant asserts that the trial court abused its discretion in a variety of ways in ordering the sale of the parties' real and personal property. The trial court had denied appellant's motion for a stay of execution of the judgment of divorce so far as it pertained to the sale of the property and appointment of a receiver during the pendency of this appeal. Thereafter, the trial court entered its orders approving the receiver's report of sale of the parties' personal and real property. Appellant did not appeal from either order. SDCL 15–26A–3. An order confirming a sale is a final appealable order. *Casey v. Smith*, 36 S.D. 36, 153 N.W. 918 (1915). In *Anderson v. Kennedy*, 264 N.W.2d 714 (S.D.1978), we said:

> According to general rules of mootness adopted by this court, absence of an actual controversy between the litigating parties is reason for an appellate court to dismiss an appeal for mootness (citations omitted). An appeal will be dismissed as moot if, pending the appeal, an event occurs which makes a determination of it unnecessary or renders it clearly impossible for the appellate court to grant effectual relief (citations omitted).

264 N.W.2d at 716.

Because appellant failed to appeal from the trial court's order confirming the sale of the real and personal property, appellant waived any objections to the property disposition and has thus acquiesced in the sales. We hold, therefore, that the question whether the trial court abused its discretion in initially ordering the sale is moot.

■ Appellant urges that the sale of the farmhouse was void under SDCL 43–31–1 inasmuch as the trial court lacked jurisdiction to confirm the sale of his homestead. We do not agree. SDCL 25–4–44 provides:

Where a divorce is granted for an offense of either husband or wife, the courts shall in such action have full power to make an equitable division of the property belonging to either or both, whether the title to such property is in the name of the husband or the wife. In making such division of the property the court shall have regard for equity and the circumstances of the parties.

Whatever doubt may have existed after this court's decisions in *Meile v. Meile,* 70 S.D. 115, 15 N.W.2d 453 (1944); and *Stearns v. Stearns,* 80 S.D. 443, 126 N.W.2d 124 (1964), regarding the authority of the trial court to either order the sale of the homestead or to award it to one of the parties should now be laid to rest. We agree with the Code Commission's comment that the enactment of SDCL 25–4–45.1 (1976 S.D. Sess. Laws ch. 165), which largely removes fault as an element in determining an award of property, has removed any remaining restrictive effect of the former second paragraph of SDCL 25–4–44, which authorized the trial court to assign the homestead to the innocent party. See Commission note to SDCL 25–4–44 (1976 Revision to Volume Nine, South Dakota Codified Laws). Accordingly, we hold that the trial court did not err in ordering the sale of the homestead.

• ■ Appellant contends that the trial court erred in making the property division. The record discloses that the total value of the parties' property at the time of divorce was $482,760. The total indebtedness was $317,032. Of the difference, $17,487 of personal property not related to the farm was divided, $10,137 to appellee, and $7,350 to appellant. The remaining property was divided equally. As was true with respect to a similar division of property in *Clement v. Clement,* 292 N.W.2d 799 (S.D.1980), we find no abuse of discretion in the trial court's disposition of the parties' property in the circumstances of the instant case. See also *Watt v. Watt,* 312 N.W.2d 707 (S.D.1981).

■ The final issue is whether the trial court abused its discretion in awarding appellee child support in the amount of $150 per month per child and nominal alimony. Appellant contends that the award is excessive; appellee contends that the amount should be raised to at least $500 per month per child. Child support should be a reasonable amount "suitable to the children's circumstances and situation in life and the father's financial means and ability to pay." *Wallahan v. Wallahan,* 284 N.W.2d 21, 27 (S.D.1979). We find that the trial court did not abuse its discretion in this matter.

The judgment of the trial court is affirmed. Appellee is awarded $1,500 in attorney fees in connection with this appeal.

All the Justices concur.