[S. F. No. 3206.　Department One.—March 28, 1904.]

## JAMES P. SMITH, Respondent, v. CATHERINE SMITH, Appellant.

Divorce—Alimony—Community Property—Compromise with Guardian of Insane Wife—Discontinuance of Alimony for Inability —Discretion.—Where a husband was divorced from his wife and obtained the community property, and was ordered to pay alimony for the support of the wife, and it appeared that she had been adjudged insane before the summons was served, and a guardian appointed for her sued to vacate the judgment on that ground, whereupon the suit was compromised with approval of the court appointing the guardian, and dismissed, upon payment to her of one half of the proceeds of the community property, she still reserving the claim for alimony, there was no abuse of discretion in a subsequent order setting aside the allowance of alimony where, in view of the circumstances of the plaintiff, as shown by his uncontradicted affidavits, he was unable to pay the same.

Id.—Exception in Compromise of Claims for Alimony.—The exception in the compromise of the claim for alimony only evinced an intention to reserve that claim, and left the question of its validity or invalidity unaffected; and it cannot preclude the discontinuance of it for inability of the divorced husband to pay it.

APPEAL from an order of the Superior Court of the City and County of San Francisco discontinuing an allowance of alimony.　J. M. Seawell, Judge.

The facts are stated in the opinion.

William J. Herrin, for Appellant.

Thomas V. O'Brien, for Respondent.

SMITH, C.—The plaintiff was divorced from the defendant by a judgment of date July 20, 1893, by the terms of which he was required to pay the defendant "alimony" at the rate of twenty-five dollars per month from date until the further order of the court.　The divorce was granted on the grounds of her intemperance and extreme cruelty, and by the judgment—the defendant having made default—the custody of the children of the marriage and the community property, consisting of a lot in the city of San Francisco, were awarded to the plaintiff.　Afterwards a suit was brought in the name

of the defendant, by her guardian, appointed June 23, 1901, to vacate the judgment; the complaint alleging that the defendant was insane at the time of the service of the summons on her, and had been so adjudged by a court of competent jurisdiction; that she was then without a guardian; and that by reason of her insanity she paid no attention to the summons. But this suit was compromised by the parties under an order of the superior court in the matter of the estate of the incompetent authorizing the compromise; and judgment of dismissal of date June 8, 1901, was entered accordingly. By the terms of the compromise the appellant received the sum of five hundred dollars, being one half the proceeds of the community property. Following this judgment an order was made December 10, 1901, for the defendant to show cause why the order for alimony in the judgment of divorce should not be vacated and discharged; and after hearing an order was entered to that effect; which is the order appealed from.

It appears from the affidavit of the plaintiff—which is not contradicted—that the amount adjudged for alimony was paid up to the date of the order to show cause. The grounds of the plaintiff's application were the absence of community property (*Everett* v. *Everett,* 52 Cal. 383; *Ex parte Spencer,* 83 Cal. 464 [1]), and his inability to pay. With regard to the latter ground, under the provisions of the section in question, the matter of the allowance was largely one for the discretion of the court; and in view of the circumstances of the plaintiff, as shown by his uncontradicted affidavits, we cannot say that the discretion of the court was not well exercised. It will be unnecessary, therefore, to consider the other ground assigned in support of the application.

The points urged by the appellant are not such as to require an extended consideration. They are: 1. The alleged insanity of the defendant at the time of service of summons and of the judgment; 2. That in the compromise of the suit brought to vacate the former judgment it was understood and agreed that the allowance to defendant for support "was to remain in full force and effect"; 3. That the plaintiff possesses sufficient means to pay an allowance for the defendant's support; and 4. That the allowance was made at the request

[1] 17 Am. St. Rep. 266.

of the plaintiff. But there is no evidence in the record to support either of these contentions. As to the first, the evidence relied on is the appellant's own complaint in the suit brought to vacate the judgment of divorce; which, in pursuance of the compromise, was dismissed. As to the second, no such agreement is contained in the written stipulation or provided for in the order in the matter of the estate of the defendant authorizing the compromise. What is relied upon by the appellant is, that it is stated in the petition that the petitioner deems it for the best interests of the incompetent to accept the sum of five hundred dollars in compromise of the pending suit ''excepting therefrom the claim for alimony''; which, assuming the petition to be otherwise material, evidences only the intention to reserve ''the claim for alimony'' —thus leaving the question of its validity or invalidity unaffected. On the third point, we have but to repeat that we cannot say that the discretion of the court was abused; and on the fourth, we find no evidence in the record that the allowance was made at the request of the plaintiff; nor, were it otherwise, are we prepared to say that the fact would be material.

We advise that the order appealed from be affirmed.

Harrison, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

                     Shaw, J., Angellotti, J., Van Dyke, J.