No. 34,824

W. G. McKinney, *Appellant*, v. Katherine McKinney, *Appellee*.

(103 P. 2d 793)

Opinion filed July 6, 1940.

*Keene Saxon,* of Topeka, for the appellant.

*B. J. Lempenau,* of Topeka, for the appellee.

The opinion of the court was delivered by

Hoch, J.: Sometime subsequent to the decree in a divorce action the plaintiff sought to vacate that portion of the judgment which had later been added by a *nunc pro tunc* order. The defendant prevailed, and plaintiff appeals.

The plaintiff, appellant here, filed the divorce action in the district court of Shawnee county on July 20, 1937. The defendant's answer, filed on August 18, 1937, was a general denial. On August 30, 1937, while the divorce action was pending, the parties entered into a contract under the terms of which the wife agreed to relinquish any claim upon certain real and personal property of the husband, and the husband agreed to relinquish all claim upon certain property of the wife, and agreed to pay to her the sum of $1,400, payable $50 a month beginning September 1, 1937, which payments were to be "in lieu of any alimony, temporary or permanent, to which she may at any time be entitled from said first party." On September 25, 1937, a divorce was granted to the plaintiff. The decree provided: "It is further ordered by the court that the agreement made between the plaintiff and defendant on the 30th day of August, 1937, hereinbefore set out in full, be, and the same is hereby approved and made a part of this decree." No specific judgment against the plaintiff for payment of the $1,400 was entered at that time.

Sometime thereafter, the defendant remarried and moved to Alabama. The plaintiff later remarried and continued to reside in Topeka. Having become heavily involved financially, the plaintiff filed involuntary bankruptcy proceedings on January 9, 1939, and listed among his liabilities for which discharge was asked, the balance of $1,177.55 still owing on the $1,400 he had agreed to pay in monthly installments. On May 10, 1939, he was discharged in bankruptcy. On June 13, 1939, he filed a motion to permanently enjoin the collection of the monthly installments, and on June 27, 1939, the defendant filed an answer thereto and also a cross petition asking for judgment for the unpaid amount. Both motions were denied. On September 25, 1939, the defendant filed a motion for a *nunc pro tunc* order asking in substance to have the divorce decree modified to include specifically a judgment for the $1,400 to be paid to the defendant under the terms of the contract. The motion was allowed December 23, 1939, and the judgment in the divorce action was modified by changing the paragraph relating to the contract to read as follows:

"It is further ordered, adjudged and decreed by the court that the agreement made by the plaintiff and defendant dated August 30, 1937, hereinbefore set out in full, be and the same is hereby approved; that the defendant, Katherine McKinney, be, and she is hereby decreed judgment for maintenance and support against the plaintiff in the sum of $1,400, payable $50 per month commencing September 1, 1937, and a like sum of $50 on the first day of each succeeding month thereafter until said sum of $1,400 is paid in full, said judgment to be enforced by execution the same as an ordinary judgment."

On January 3, 1940, the plaintiff filed the instant motion to vacate the *nunc pro tunc* order and to vacate that portion of the original judgment as modified relating to the $1,400. In overruling this motion, Judge Hungate said:

"I have examined the briefs submitted by counsel in this case and am of the opinion that the plaintiff's motion under consideration must be overruled. I didn't enter this decree personally, but if I had, I probably would have entered a decree just as did Judge Heinz. Parties had agreed on an amount that the plaintiff should pay his wife, whom he was charging with marital misconduct, and she had answered, and this postnuptial contract was then entered into. The court had a right in the divorce case to enforce that contract by giving a judgment on it. He not only approved the contract but rendered the judgment for $1,400, and used in connection therewith the term 'permanent alimony.' Now the plaintiff wants this judgment for $1,400 stricken down so that he will have no judgment against him based on his agreement to pay his wife this money. The probabilities are that he owed her that much duty of

support and entered into the agreement to keep the amount of his property out of the divorce case. I will not help the plaintiff in this case to get out of this contract, and the motion of the plaintiff is overruled as of this date."

The record discloses that Judge Heinz, who heard the divorce action in the absence of Judge Hungate, made the following memorandum on his docket September 27, 1937:

"Trial to the court. Plaintiff introduced evidence—judgment for plaintiff against defendant for divorce on grounds of gross neglect of duty. Property settlement of parties approved—plaintiff decreed custody of minor child, William G. McKinney, Jr. Defendant decreed permanent alimony in the sum of $1,400, payable $50 per month, commencing September 1, 1937. Plaintiff decreed ownership of automobile, household goods and real estate described in petition, free of any claims, right, title or interest of the defendant. Costs taxed to plaintiff, all as per journal entry. Defendant restored to maiden name of Katherine Kaderly."

This memorandum evidently formed the basis for Judge Hungate's comment and for his order modifying the language of the judgment.

The gist of appellant's contention is that under the provisions of G. S. 1935, 60-1511, the court has no power to enter judgment for alimony or for maintenance and support in cases where the divorce is granted to the husband for the fault of the wife. In support of the contention appellant relies upon *Hendricks v. Hendricks,* 136 Kan. 69, 12 P. 2d 804, and *Petty v. Petty,* 147 Kan. 342, 76 P. 2d 850. The trouble with the contention is that there is a fundamental difference between the power of the court, in the absence of agreement between the parties, to enter such a judgment in such a case, and its power to approve a contract, freely made, without fraud, between the parties and to incorporate its obligations in the judgment. This distinction was plainly pointed out in *Petty v. Petty,* supra, wherein the court said:

"There is a distinct difference between what the court has authority under statutes to do with respect to alimony in a divorce case and what the parties may agree upon. . . . A husband and wife are competent parties to agree between themselves upon a division of property and payments to be made by the husband for the support of the wife. When such agreements are fairly and intelligently made—that is, when they are not induced by fraud, duress, concealment, or undue influence, not the result of mutual mistake, and when the parties fully understand what they are doing—they are uniformly upheld by the courts. . . ." (pp. 352, 353.)

Numerous supporting cases are there cited and need not be here repeated.

There is no contention that the agreement between the parties was

for any reason invalid. It was freely entered into while the divorce action was pending and neither party could tell what the outcome would be. Under such circumstances, the parties agreed not only to a property settlement but to a payment to the wife by the husband of $50 a month until a total of $1,400 was paid. The court reasonably interpreted this agreement as a provision for maintenance and support and made it a part of the judgment. We find no error, and the judgment is affirmed.