ZINTER, Justice
(dissenting).
[¶ 25.] The question presented in this case is narrow. We must determine whether the Legislature has authorized a formal contested case proceeding under SDCL ch. 1-26, the Administrative Procedures Act (APA), to review claims for refunds of telecommunications tax. The majority adopts TracFone’s argument that SDCL 10-33A-12 “expressly authorizes administrative appeals under SDCL ch. 1 — 26[.]” See supra, ¶ 12 (emphasis added). This view of SDCL 10-33A-12, as a statute authorizing the imprecise term “adminis *138 trative appeals,”[9] fails to give effect to the important APA distinction between statutes authorizing “contested case proceedings” (also referred to as “contested case hearings”) and statutes governing the procedure for taking appeals to circuit court from contested case proceedings. Because there is no statutory authorization for an APA contested case proceeding to litigate this refund claim, I dissent.[10]
[¶ 26.] SDCL ch. 10-59 governs the enforcement, collection, contest, and refund of taxes administered by the Department. SDCL 10-59-1 enumerates the twenty-five types of taxes that are governed by SDCL ch. 10-59.[11] If the tax is one of those *139 twenty-five, taxpayers claiming overpayment are specifically authorized to initiate an APA contested case proceeding to administratively litigate their refund claim. As contemplated by the APA (SDCL 1 — 26— 1(2)), SDCL 10-59-22.1 specifically authorizes that administrative remedy by requiring a contested case hearing before the Secretary in accordance with SDCL ch. 1-26. SDCL 10-59-22.1 provides in relevant part:
Any taxpayer aggrieved by the denial ... of a claim for recovery of an allegedly overpaid tax ... may in writing request a contested case hearing before the secretary.... Any hearing shall be conducted and any appeal shall be taken pursuant to the provisions of chapters 1-26 [the APA] and 1-26D [hearings before the Office of Hearing Examiners].
(Emphasis added.)
[¶27.] This statute, however, only authorizes the APA administrative remedy if the taxpayer’s overpayment claim relates to one of the twenty-five taxes enumerated in SDCL 10-59-1. And, as previously mentioned, the telecommunications tax imposed by SDCL ch. 10-33A is not one of those taxes. Therefore, the Legislature’s general administrative tax refund procedure does not authorize an APA contested case hearing to pursue recovery of overpaid telecommunications tax. The question then, is whether any other statute authorizes an APA contested case hearing before the Secretary.
[¶ 28.] The Court concludes that the “administrative appeals process is permitted” and “triggered” by SDCL 10-33A-12. Supra ¶ 19. The Court reasons that an APA remedy is authorized because the taxpayer “sought” a hearing on the decision of the Department supervisor’s denial of the refund application and the Department Secretary “adopted” the hearing examiner’s conclusion that there was no jurisdiction for an APA remedy. Id. The Court’s reasoning does not support its conclusion.
[¶ 29.] Obviously, the necessary affirmative grant of legislative authorization for an APA remedy cannot be found from the mere fact that a taxpayer “sought” that remedy. Additionally, it is illogical to find a legislative grant of jurisdiction from the fact that the Secretary “adopted” the hearing examiner’s conclusion that there was no jurisdiction. Finally, and most fundamentally, the Court errs in affording legal significance to the fact that the jurisdictional issue was considered by a hearing examiner and the Secretary. Subject matter jurisdiction is “conferred solely by constitutional or statutory provisions and can neither be conferred ... nor denied ... by the acts of the parties or the procedures they employ.” Barnes v. Matzner, 2003 SD 42, ¶ 10, 661 N.W.2d 372, 375. Therefore, neither TracFone’s request for a contested case proceeding nor the Secretary’s ruling on that request “triggered” subject matter jurisdiction for an APA remedy.
[¶ 30.] An APA remedy must rest on statutory authority. The Court relies on SDCL 10-33A-12 for that authorization. The Court views the statute as one triggering the “administrative appeals process.” This view fails to acknowledge the important APA distinction between statutes authorizing contested case proceed- *140 mgs and statutes governing the method of taking appeals from those proceedings. Compare SDCL 1-26-1(2) and SDCL §§ 1-26-16 through 29 (governing authorization for and the method of conducting “contested case” proceedings) with SDCL §§ 1-26-80 through 37 (governing the method of taking “appeals” to circuit court from contested case proceedings). See also supra note 9; SDCL 10-59-22.1 (specifically acknowledging the distinction between “contested case hearings” and “appeals” from those hearings). The Court’s failure to acknowledge this statutory distinction leads to its misapprehension of the purpose of SDCL 10-33A-12 and how it applies to the APA.
[¶ 31.] SDCL 10-33A-12 only provides that “[a]ny appeal from a decision of the secretary in a contested case shall be taken in accordance with chapter 1-26.” (Emphasis added.) This language is procedural and merely regulates the manner of taking appeals to circuit court from decisions that have been made in authorized contested case hearings. The statutory language does not purport to substantively authorize the predicate contested ease hearing itself. The Court fails to explain how an appellate procedure statute, only governing the method of taking appeals to circuit court from decisions that have been made in contested case hearings, applies when there has been no authorized contested case hearing from which one could appeal.
[¶ 32.] Under the APA, there is no subject matter jurisdiction for an APA contested case proceeding unless it is provided in a statute authorizing a hearing before an administrative agency. SDCL 1-26-1(2) defines a contested case as “a proceeding, including rate-making and licensing, in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing. ...” (Emphasis added.) In this case, there is no dispute that this is not a rate-making or license proceeding. Moreover, unlike the general APA authorization for litigating other tax refunds in SDCL 10-59-22.1, there is no language in SDCL 10-33A-12 requiring the Department to determine TracFone’s right to a refund after an opportunity for a hearing. Compare SDCL 10-59-22 (authorizing a contested case hearing before the Secretary under SDCL ch. 1-26 for the twenty-five other taxes the Department administers) with SDCL 10-33A-12 (prescribing the procedure for taking appeals in circuit court). The inescapable conclusion is that whether intentional or inadvertent, SDCL ch. 10-59 and SDCL 10-33A-12 do not authorize an APA contested case proceeding to administratively challenge the Department’s denial of a telecommunications tax refund claim.[12]
[¶ 33.] Although TracFone and the Court employ a number of statutory construction aids to reach their result, those rules of construction do not apply. We have consistently noted the primary rule of statutory construction is that where “the language of the statute is clear, certain and unambiguous, there is no reason for construction, and the Court’s only function is to declare the meaning of the statute as clearly expressed.” Goetz v. State, 2001 SD 138, ¶ 16, 636 N.W.2d 675, 681 (quoting *141 US West v. PUC, 505 N.W.2d 115, 123 (S.D.1993)). SDCL ch. 10-59 and SDCL 10-33A-12 are clear, certain, and unambiguous. Neither authorizes a SDCL ch. 1-26 hearing before the Secretary to administratively litigate telecommunications tax refund claims. For this reason, the hearing examiner and the circuit court correctly concluded that there was no subject matter jurisdiction for an APA contested case proceeding to resolve this dispute.[13]
[¶ 34.] This Court should apply SDCL ch. 10-59 and SDCL 10-33A-12 as written. The Legislature has not authorized an APA contested case proceeding as a remedy to resolve telecommunication tax refund claims.[14] By judicially granting subject matter jurisdiction for that remedy, the majority has usurped the Legislature’s prerogative to determine when the APA may be utilized.
[¶ 35.] KONENKAMP, Justice, joins this dissent.

.The majority repeatedly refers to the APA remedy as an "administrative appeal.” See supra ¶¶ 1, 6, 10, 12, 13, 15-19, and 22. Although judges and attorneys often use the term “administrative appeal” to generically describe the APA remedy, that term is not used in the APA. In fact, except for one errant use in a fuel penalty statute (SDCL 10-47B-185), the term "administrative appeal” is not found in the entire South Dakota Code. Instead, the APA uses the terms “contested case,” "contested case proceeding,” or “contested case hearing” to describe the APA remedy authorized to contest agency decisions. See SDCL §§ 1-26-1(2), 16-21, 24-27, 29.1, 30, 32, 32.2, 32.3, 32.4, and 33 (referring to "contested case” proceedings or hearings to describe the APA remedy). The word “appeal” is only used in the APA to describe judicial review of an agency decision made following an authorized contested case proceeding. See SDCL 1-26-30.2 ("An appeal shall be allowed in the circuit court to any party in a contested case from a final decision, ruling, or action of an agency.”) (emphasis added). See also SDCL §§ 1-26-17(8), 30, 30.1, 30.3, 30.4, 31, 31.1-31.4, 32.1, 32.2, 32.3, 32.4, 33, and 33.3 (governing appeals to circuit court from contested case proceedings).
Because of this distinction, under the language used in SDCL ch. 1-26, if the Legislature has authorized an APA remedy for a person dissatisfied with an agency decision, that person does not "appeal” or initiate an "administrative appeal” to contest the agency's decision. The aggrieved person initiates a "contested case” proceedingdiearing before the agency. And, if dissatisfied with the agency's decision in the contested case proceeding, the aggrieved person may then take an "appeal,” which is a judicial remedy in circuit court. See id. Thus, not one of the majority's examples of statutes providing an APA remedy authorizes what the majority claims; i.e., an "administrative appeal.” See supra ¶ 18. On the contrary, each of the majority's examples authorizes the APA remedy by granting the right to a "contested case” hearing rather than an "administrative appeal.” See SDCL 12-27-29.2 (authorizing a "contested case” hearing under ch. 1-26); SDCL 38-18-3 (authorizing a "contested case” hearing).

. TracFone warns that the Department's position, limiting available administrative remedies to recoup an overpaid tax, will likely create an unconstitutional tax refund scheme. See McKesson Corp. v. Div. of Alcoholic Beverages and Tobacco, Dep't of Bus. Reg. of Florida, 496 U.S. 18, 39, 110 S.Ct. 2238, 2251, 110 L.Ed.2d 17 (1990) (concluding that where taxes are required to be timely paid, "the State must provide taxpayers with, not only a fair opportunity to challenge the accuracy and legal validity of their tax obligation, but also a 'clear and certain remedy' ... for any erroneous or unlawful tax collection to ensure that the opportunity to contest the tax is a meaningful one”) (citations omitted). If the Legislature has not authorized telecommunications’ taxpayers a remedy to contest this tax, TracFone's constitutional warning may be correct. This is not, however, a civil action against the State asserting a McKesson claim. This is an appeal from a circuit court concluding that there is no APA remedy. Therefore, our scope of review is limited to that question, and TracFone's "potential constitutional problem” is not before this Court. As McKesson points out, the constitutional question is affected by a variety of issues not raised in this case.

. SDCL 10-59-1 provides:
The provisions of [SDCL ch. 10-59] apply to any taxes or fees or persons subject to taxes or fees imposed by, and to any civil or criminal investigation authorized by, chapters 10-39, 10-39A, 10-39B, 10-43, 10-45, 10-45D, 10-46, 10-46A, 10-46B, *139 10-46C, 10-46E, 10-47B, 10-52, 10-52A, 32-3, 32-3A, 32-5, 32-5B, 32-6B, 32-9, 32-10, and 34A-13 and §§ 22-25-48, 49-31-51, 50-4-13 to 50-4-17, inclusive, and the provisions of chapter 10-45B.
The Legislature has amended this statute on two occasions after it enacted the telecommunications tax in 2003. The Legislature did not — on either occasion — include the telecommunications tax within this enumerated list of taxes covered by SDCL ch. 10-59. See 2004 SD Sess. Laws ch. 100, § 1; 2006 SD Sess. Laws ch. 58, § 13.

. The Court suggests that this conclusion renders SDCL 10-33A-12 a nullity. See supra note 7. On the contrary, SDCL 10-33A-11, the statute immediately preceding SDCL 10-33A-12, authorizes the Secretary to revoke telecommunications tax licenses. Because the revocation of a license is, by definition, a contested case proceeding entitling the licensee to a hearing under the APA, SDCL 10-33A-12 was enacted to prescribe the manner of appealing the decision made in that license revocation proceeding to circuit court.

. TracFone argues that the Department is equitably estopped from asserting that there is no subject matter jurisdiction for an APA administrative remedy. Although the Department supervisor initially informed TracFone that it could pursue an "administrative appeal,” equitable estoppel may not be used to create jurisdiction where none exists. Parties "cannot by their agreement or consent give validity to an adjudication that is invalid because it was without jurisdiction.” Bernard v. Bernard, 74 S.D. 449, 453, 54 N.W.2d 351, 353 (1952).

. The Department argues that TracFone's administrative remedy is the payment-under-protest procedure found in SDCL 10-27-2. See supra note 4. TracFone argues that this remedy only applies to refunds of real property taxes collected by county treasurers. In light of the Court's disposition of this case, that issue is not addressed in this writing.