NOT DESIGNATED FOR PUBLICATION

No. 118,208

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

WILLIAM ROBERT MEDLIN,
*Appellant*,

and

JESSICA MARIE (MEDLIN) GERLACH,
*Appellee*.

MEMORANDUM OPINION

Appeal from Geary District Court; STEVEN L. HORNBAKER, judge. Opinion filed August 24, 2018. Affirmed in part and dismissed in part.

*Summer Ott Dierks*, of Seaton, Seaton & Dierks, LLP, of Manhattan, for appellant.

No appearance by appellee.

Before GARDNER, P.J., GREEN and HILL, JJ.

PER CURIAM: William Robert Medlin moved to terminate or to reduce his maintenance obligation to his ex-wife, Jessica Marie (Medlin) Gerlach. The trial court denied this motion, believing it lacked jurisdiction to terminate or to reduce William's maintenance obligation. Later, William moved for relief based on newly discovered evidence. The trial court denied this motion as well. William appeals, arguing that the trial court erred when it denied his motions. For reasons stated later, we determine that we lack jurisdiction to consider whether the trial court erred by denying William's motion to terminate or to reduce maintenance. Next, although we have jurisdiction to consider

1

William's motion for relief based on newly discovered evidence, we determine that this argument is not persuasive. As a result, we affirm in part and dismiss in part.

On June 22, 2010, William and Jessica were married. On November 23, 2016, William petitioned the trial court for a divorce. The trial court entered the decree of divorce on February 23, 2017.

In the divorce decree, the court ordered that William pay Jessica "spousal support in the amount of $850.00 for the four physical years after the divorce [was] granted." William's first maintenance payment was due April 1, 2017. William also agreed to pay off the remainder of what was owed on Jessica's car. According to the divorce decree, the parties had no separation agreement.

On March 31, 2017, William, acting pro se, moved to terminate spousal support. In a signed affidavit, William alleged that Jessica had already remarried and no longer needed the support. Like William, Jessica's new husband was in the military. William argued that Jessica was now in the same financial position she held during their marriage because Jessica was entitled to her new husband's military benefits. Although the exact date of Jessica's remarriage is unclear, Jessica never contested her remarriage.

The court held a hearing on William's motion, where both William and Jessica represented themselves. At the hearing, William asserted that it was difficult for him to pay his $850 maintenance obligation to Jessica and his $700 child support obligation to his daughter from a different relationship. Accordingly, William asked that the court either terminate his maintenance obligation or, in the alternative, reduce his maintenance obligation. The court stated that it understood William's financial problems, but it asked whether he agreed to pay Jessica $850 for four years. William stated that he had.

The court then asked Jessica whether she had anything to say. Jessica told the court the following:

2

"This originated not so much for support or maintenance.

. . . .

"This was an agreement that him and I (unintelligible) around August 28th, 2015. He had had his eighth affair, and instead of it going public, and it ruining his career, we agreed on this amount for four years . . . .

. . . .

"[T]hat's when my son will graduate high school. So, it wasn't so much a support kind of thing; it was his one and only time to actually face consequences for something that he's done, for his actions. And that's what we had agreed upon and why we had agreed upon it."

After Jessica's explanation, the trial court denied William's motion to terminate maintenance because it lacked jurisdiction to terminate or reduce William and Jessica's "agreement." It told William that it could not help him because he had "contracted" to pay Jessica, and the contract was binding on the parties. The trial court never filed a journal entry of judgment denying William's motion.

Next, William obtained counsel. Through his counsel, on May 11, 2017, William moved for the trial court to "reconsider" its order denying the termination or reduction of his spousal support. In this motion, William emphasized that the divorce decree simply stated that he was to pay Jessica $850 a month for four years. "No other relevant verbiage was inserted into the [their] divorce decree regarding termination of spousal maintenance or subsequent modification." William then cited caselaw supporting that an ex-spouse's remarriage creates a rebuttable presumption that the maintenance should terminate based on a change in circumstances.

On June 7, 2017, the court held a hearing on William's motion to reconsider. At the hearing, William was represented by his counsel but Jessica remained pro se. William argued that because Jessica's remarriage created a rebuttable presumption that his maintenance obligation should terminate, the court should terminate his maintenance

3

obligation. Jessica repeated that William's maintenance obligation stemmed from "the lesser of the [two] evil[s] for his actions." She stated that the maintenance "was due to his actions" and had "nothing to do with maintenance or supporting me."

William responded that the divorce decree stated that he "shall pay spousal support." It did not state that it was a punishment because his maintenance obligation under the decree was not for punishment. The court, however, ruled that William's obligation to pay Jessica $850 a month was part of a contract that it could not alter.

Before the trial court entered its journal entry denying William's motion on June 26, 2017, William filed a premature notice of appeal. On August 2, 2017, however, William "revoked" his premature notice of appeal. That same day, William moved for relief under K.S.A. 60-260(b) based on newly discovered evidence. William explained that he recently found a property settlement agreement that he and Jessica had signed. The settlement agreement stated that Jessica's right to "spousal support shall terminate upon . . . her remarriage." William asked the trial court to rule that the separation agreement was binding on the parties.

Although the settlement agreement showed that both William and Jessica had signed it on January 21, 2016, only Jessica's signature was notarized and witnessed on January 21, 2016. William's signature was not notarized or witnessed at all. The separation agreement also had different terms regarding maintenance than the maintenance award within the divorce decree.

On August 11, 2017, the trial court denied William's motion for relief based on newly discovered evidence. The court noted that "[t]he divorce petition was filed by [William on] November 23, 2016 with no mention of the aforementioned [settlement] agreement." The court ruled that it was "clear to the court that the 'settlement agreement' was available a long time ago and the petitioner decided not to rely on it." Thus, it was not newly discovered evidence entitling William to relief.

4

*Did the Court Err by Denying William's Motions?*

On appeal, William argues that the trial court should have terminated his maintenance obligation for two reasons. First, William argues that the court had jurisdiction to terminate or to reduce his maintenance obligation because his obligation was in the divorce decree, as opposed to a separation agreement. Alternatively, William points to the settlement agreement. As argued in his motion for relief based on newly discovered evidence, William asserts that the settlement agreement was incorporated into the divorce decree. Thus, he argues that there was a clear condition requiring the court to terminate his maintenance obligation upon Jessica's remarriage. Jessica has not filed an appellee's brief responding to William's arguments.

As explained by this court in *In re Marriage of Strieby*, 45 Kan. App. 2d 953, 962, 255 P.3d 34 (2011):

"There is a fundamental difference between maintenance by decree and maintenance settled by a separation agreement. [Citation omitted.] *While maintenance by decree may be modified by the court upon a showing of material change in circumstances*, '[i]t is clear that maintenance settled by a separation agreement that is incorporated into the divorce decree is not subject to subsequent modification by the court except as prescribed by the agreement or as subsequently consented to by the parties*.' [Citations omitted.]" (Emphasis added.)

Accordingly, a trial court always has jurisdiction to terminate or to reduce a maintenance order in a divorce decree because a court can modify its own order. *Marriage of Strieby*, 45 Kan. App. 2d at 962. But a trial court's ability to terminate or to reduce a spouse's maintenance obligation outlined in a separation agreement is limited by the terms of the agreement because the agreement is a contract. Therefore, principles of contract control the trial court's decision making. *Marriage of Strieby*, 45 Kan. App. 2d at 962; *McKinney v. McKinney*, 152 Kan. 372, 374, 103 P.2d 793 (1940).

Based on *Streiby*, it is readily apparent that the trial court had jurisdiction to terminate or to modify William's maintenance obligation because William's obligation arose from the divorce decree. Stated another way, the trial court had jurisdiction to terminate or modify William's maintenance obligation because it did not arise from a separation agreement properly incorporated into the divorce decree.

Nevertheless, when the record discloses that this court may lack jurisdiction, this court must question whether jurisdiction exists on its own initiative. *Wiechman v. Huddleston,* 304 Kan. 80, 84-85, 370 P.3d 1194 (2016). The right to appeal is entirely statutory, meaning this court only has "'jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner prescribed by the applicable statutes.' [Citations omitted.]" *Board of Sedgwick County Comm'rs v. City of Park City*, 293 Kan. 107, 111, 260 P.3d 387 (2011). "If the record shows that an appellate court does not have jurisdiction, it is the duty of the appellate court to dismiss the appeal." 293 Kan. at 111.

K.S.A. 2017 Supp. 60-2103(a) provides that an appeal must be filed within 30 days of the trial court's journal entry of judgment. K.S.A. 2017 Supp. 60-260(c) states that motions for relief based on newly discovered evidence cannot be filed more than one year after the entry of the judgment or order. Here, the record discloses that this court lacks jurisdiction over whether the trial court errantly denied Medlin's motion to terminate or to reduce maintenance.

To review, the trial court never filed a journal entry of judgment after denying William's pro se motion. Because the trial court never filed a journal entry of judgment after denying William's pro se motion, the trial court's ruling that it lacked jurisdiction to modify William's maintenance obligation did not become effective until the trial court filed a journal entry denying William's counseled "motion to reconsider" on June 26, 2017. See K.S.A. 2017 Supp. 60-258 (stating that "[n]o judgment is effective unless and

6

until a journal entry or judgment form is signed by the judge and filed with the clerk"). Thus, William's counseled "motion to reconsider" is only an amended version of his original pro se motion. William filed a premature notice of appeal, challenging the trial court's denial of his "motion to reconsider" on June 7, 2017; but he revoked this premature notice of appeal on August 2, 2017. That same day—August 2, 2017—he moved for relief based on the newly discovered separation agreement. The trial court denied this motion on August 11, 2017, and William appealed on August 22, 2017.

As a result, William filed a timely notice of appeal following the denial of his "motion to reconsider." Nevertheless, when William revoked his notice of appeal on August 2, 2017, more than 30 days had elapsed since the trial court entered its order denying his motion to reconsider on June 26, 2017. As a result, the revocation of his notice of appeal resulted in this court losing jurisdiction over the trial court's denial of his "motion to reconsider." Thus, to the extent that William challenges the denial of his "motion to reconsider," we determine that we lack jurisdiction to consider this issue.

Even so, we have jurisdiction over the trial court's denial of William's motion for relief based on newly discovered evidence. William moved for relief based on newly discovered evidence on August 2, 2017—37 days after the trial court entered its journal entry denying his "motion to reconsider" on June 26, 2017. He then filed his notice of appeal on August 22, 2017, just 11 days after the trial court denied his motion for relief based on newly discovered evidence on August 11, 2017. As a result, William moved for relief based on newly discovered evidence well within K.S.A. 2017 Supp. 60-260(c)'s one-year time limitation. He also appealed the denial of his motion within K.S.A. 2017 Supp. 60-2103(a)'s 30-day time limitation.

Turning our attention to William's arguments about the denial of his motion for relief based on newly discovered evidence, we note that this court reviews the trial court's decision on a motion to amend based on newly discovered evidence for an abuse of discretion. Judicial discretion is abused if the judicial action was unreasonable, based on

7

an error of law, or based on an error of fact. *Miller v. Johnson*, 295 Kan. 636, 677, 289 P.3d 1098 (2012); see K.S.A. 2017 Supp. 60-260(b)(2).

Here, the trial court acted reasonably by rejecting the supposed settlement agreement as newly discovered evidence. Again, the trial court found that the "'settlement agreement' was available a long time ago and [William] decided not to rely on it." It also relied on the fact that "[t]he divorce petition was filed by [William] on November 23, 2016 with no mention of the aforementioned agreement." Certainly, based on the January 21, 2016 date on the supposed agreement, William could have addressed the agreement in an earlier motion. And as we emphasized earlier, regardless of the trial court's errant rulings, William's maintenance obligation arose from the divorce decree, not a separation agreement.

Moreover, the alleged agreement clearly was not binding because William's signature was not witnessed or notarized. To be a binding contract that the court could have incorporated into the divorce decree, William needed to have completed these previously mentioned steps. Therefore, the trial court properly ruled that the nonbinding settlement agreement offered by William after the trial court denied his original motion to terminate or to reduce maintenance did not constitute newly discovered evidence.

In summary, we determine that we lack jurisdiction to consider the trial court's denial of William's "motion to reconsider." Additionally, we determine that the trial court properly rejected the argument that William was entitled to relief based on newly discovered evidence. As a result, we affirm in part and dismiss in part.

Affirmed in part and dismissed in part.